Case No. 22-12261

IN THE

# United States Court of Appeals
# for the Eleventh Circuit

ANTHONY WRIGHT,

*Plaintiff-Appellant,*

v.

WASTE PRO OF FLORIDA, INC. and WASTE PRO USA, INC.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Southern District of Florida

No. 0:2019-cv-62051

## APPELLANT'S OPENING BRIEF

Clif Alexander
Lauren E. Braddy
ANDERSON ALEXANDER, PLLC
819 North Upper Broadway
Corpus Christi, TX 78401
361-452-1279

C. Ryan Morgan
*Lead Counsel*
Paul Botros
MORGAN & MORGAN, P.A.
20 North Orange Ave., 15th Floor
Orlando, Florida 32801
407-245-3401

*Attorneys for Plaintiff-Appellant Anthony Wright*
Case No. 22-12261

In The

# United States Court of Appeals
# for the Eleventh Circuit

ANTHONY WRIGHT,

*Plaintiff-Appellant,*

v.

WASTE PRO OF FLORIDA, INC. and WASTE PRO USA, INC.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Southern District of Florida

No. 0:2019-cv-62051

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to 11th Cir. R. 26.1-1(a), counsel for Appellant, Anthony Wright,

certifies that the following is a complete list of interested persons:

1.      Anthony Wright, Plaintiff/Appellant

2.      C. Ryan Morgan, Counsel for Plaintiff/Appellant

3.      Paul M. Botros, Counsel for Plaintiff/Appellant

4.      Morgan & Morgan, P.A., Law Firm for Plaintiff/Appellant

5.      William C. Alexander, Counsel for Plaintiff/Appellant

6.      Austin W. Anderson, Counsel for Plaintiff/Appellant

7.      Lauren Braddy, Counsel for Plaintiff/Appellant

8.      Anderson Alexander, PLLC, Law Firm for Plaintiff/Appellant

9.      Waste Pro USA, Inc., Defendant/Appellee

10.     Waste Pro of Florida, Inc., Defendant/Appellee

11.     Amy S. Tingley, Counsel for Defendants/Appellees

12.     Matthew J. Pearce, Counsel for Defendants/Appellees

13.     Stovash, Case & Tingley, P.A., Law Firm for Defendants/Appellees

14.     Patrick Hunt, Magistrate Judge of the United States District Court, Southern District of Florida

15.     K. Michael Moore, Judge of the United States District Court, Southern District of Florida

## STATEMENT REGARDING ORAL ARGUMENT

This appeal addresses an important issue of first impression before this Court on the availability of statutory tolling in the absence of personal jurisdiction. Specifically at issue is the availability of statutory tolling for lawsuits filed under the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. § 255(a) after a later finding that the United States District Court where the lawsuit was first filed lacked personal jurisdiction over certain defendants. Alternatively, this appeal presents a likewise important question addressing the availability of equitable tolling after dismissal without prejudice on jurisdictional grounds. Appellant Wright thus submits that this Court would benefit from oral argument on these novel and complex issues.

# TABLE OF CONTENTS

Certificate Of Interested Persons ................................................................ ii

Statement Regarding Oral Argument ........................................................ iv

Table Of Contents ....................................................................................... v

Table Of Authorities ................................................................................. vii

Jurisdictional Statement ............................................................................ xi

Statement Of The Issues ............................................................................. 1

Statement Of The Case ............................................................................... 1

    A.    Summary Of Relevant Procedural History ................................... **2**

    B.    Factual Summary ......................................................................... **6**

Standard Of Review .................................................................................... 7

Summary Of Argument ............................................................................... 8

Argument & Authority .............................................................................. 11

I.    Statutory Tolling Applies And Appellant Wright's Statute Of Limitations Was Tolled During The Pendency Of The South Carolina Action ................. **11**

    A.    The Flsa's Tolling Statute Does Not Have A Jurisdictional Element 11

    B.    The South Carolina District Court Was A Court Of Competent Jurisdiction ............................................................................ 15

        1.    The Supreme Court Recognizes That "Competent" Jurisdiction Historically, And Typically, Refers To Subject Matter Jurisdiction ................................................................................. 16

        2.    The Concept Of Waiver Supports Determination That A Court Of "Competent Jurisdiction" Is Synonymous With A Court With Subject Matter Jurisdiction ............................................. 18

3.      The Authorities Relied On By The District Court Do Not Support Any Departure From The Supreme Court And This Court's Construction Of "Court Of Competent Jurisdiction." . 22

4.      A Contested Dismissal Without Prejudice—Even On Personal Jurisdiction Grounds—Cannot Negate The Statutory Tolling Mandated By The Flsa. ............................................................ 26

II.      Alternatively, Equitable Tolling Applies To Toll Appellant Wright's Statute Of Limitations ................................................................................................ 29

    A.      The Purposes And Policies Underlying The Flsa ............................... 31

    B.      The Remedial Scheme For The Enforcement Of The Rights Given By The Flsa ............................................................................................... 33

Conclusion.................................................................................................................. 38

Certificate Of Compliance ......................................................................................... 40

# TABLE OF AUTHORITIES

Cases

American Pipe and Construction Co. v. Utah, 414 U.S. 538 (1974). ..................... 28

Arce v. Garcia, 434 F.3d 1254 (11th Cir. 2006). ...................................................... 8

Bailey v. Carnival Cruise Lines, Inc., 774 F.2d 1577 (11th Cir.1985)..................... 8

Bedoya v. Aventura Limousine & Transportation Service, Inc., No. 11-24432-CIV, 2012 WL 3962935 (S.D. Fla. Sept. 11, 2012). ............................................. 24

Bedroc Limited, LLC v. United States, 541 U.S. 176 (2004). .............................. 13

Blandon v. Waste Pro USA, Inc., No. 6:19-CV-2420-WWB-GJK, 2021 WL 7441945 (M.D. Fla. Dec. 15, 2021), report and recommendation adopted, No. 6:19-CV-2420-WWB-GJK, 2022 WL 336824 (M.D. Fla. Feb. 4, 2022). ....................................................................................................... 14, 28

Booth v. Carnival Corp., 522 F.3d 1148 (11th Cir. 2008)............... 8, 20, 21, 22, 29

Bowen v. City of New York, 476 U.S. 467 (1986) ................................................ 31

Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697 (1945)............................................. 31

Burnett v. New York Cent. R. Co., 380 U.S. 424 (1965). ................... 18, 29, 30, 32

Butler v. Directsat USA, LLC, 2014 WL 5342729 (D. Md. Oct. 16, 2014). ......... 35

Carithers v. Mid-Continent Cas. Co., 782 F.3d 1240 (11th Cir. 2015). ................... 7

Crist v. Carnival Corp., 410 F. App'x 197 (11th Cir. 2010). ................................... 8

Dade Cnty. v. Rohr Indus., Inc., 826 F.2d 983 (11th Cir.1987). ........................... 24

Drake v. Whaley, 355 F. App'x 315 (11th Cir. 2009)........................................... 23

Ellis v. Gen. Motors Acceptance Corp., 160 F.3d 703 (11th Cir. 1998). ................ 8

Ex parte Phenix Ins. Co., 118 U.S. 610 (1886). ..................................................... 16

Flores v. Predco Servs. Corp., No. 10-1320, 2011 WL 3273573 (D.N.J. July 29, 2011)............................................................................................................. 37

Garcia v. Crossmark, Inc. No. CV 13-693 MV/LAM, 2014 WL 12482623 (D.N.M. Jan. 29, 2014). ................................................................. 27

Hairston v. Travelers Cas. & Sur. Co., 232 F.3d 1348 (11th Cir. 2000) ............... 33

Harty v. Ehden, N.V., No. 12-CV-14087-KMM, 2012 WL 2312044 (S.D. Fla. June 18, 2012). ....................................................................... 23

Hodges v. Illinois Bell Telephone Company, No. 15-c-2711, 2015 WL 6407757 (N.D. Ill. Oct. 21, 2015). ............................................................. 27

Hodgson v. Humphries, 454 F.2d 1279 (10th Cir. 1972). ...................................... 30

Holland v. Florida, 560 U.S. 631 (2010). .............................................................. 36

In re Tyson Foods, Inc., No. 4:07-MD-1854, 2008 WL 4613654 (M.D. Ga. Oct. 15, 2008). ....................................................................... 26

Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694 (1982). ........................................................................ 20

Jackson v. Astrue, 506 F.3d 1349 (11th Cir. 2007). .............................................. 22

Justice v. United States, 6 F.3d 1474 (11th Cir. 1993). ......................................... 29

Lawson v. Conyers Chrysler, Plymouth, & Dodge Trucks, Inc., 600 F.2d 465 (5th Cir. 1979) ............................................................................ 13

Leake v. University of Cincinnati, 605 F.2d 255 (6th Cir. 1979). .......................... 29

Lightfoot v. Cendant Mortg. Corp., 580 U.S. 82, 137 S. Ct. 553 (2017). . 16, 17, 18, 33

Mazzula v. Am. Strategic Ins. Corp., No. 2019-CV-215-FTM-SPC-NPM, 2021 WL 252295 (M.D. Fla. Jan. 26, 2021). ..................................... 22

McLaughlin v. Boston Harbor Cruises, LLC, No. 06-11200-GAO, 2009 WL 890101 (D. Mass. March 31, 2009). ............................................ 27

McLeod v. Just Energy Marketing Corp., No. 1:15-cv-00368, 2015 WL 5085070 (N.D. Ohio Aug. 27, 2015). ............................................. 34, 35

Merriken v. Am. Mar. Officers Vacation Plan, No. 08-60687-CIVJORDAN, 2008 WL 4899126 (S.D. Fla. Sept. 29, 2008). ........................... 22

Mickles v. Country Club Inc., 887 F.3d 1270 (11th Cir. 2018). ............................ 12

Mizell v. North Broward Hospital District, 427 F.2d 468 (5th Cir. 1970). ............ 29

Montana v. United States, 440 U.S. 147 (1979). ..................................................... 24

Orduna v. Chamoin Drywall, Inc., No. 2:12-cv-1144-LDG-VCF, 2013 WL
    1249586 (D. Nev. March 26, 2013). ............................................................. 27

Pennoyer v. Neff, 95 U.S. 714 (1878). .................................................................... 17

Platoro Ltd., Inc. v. Unidentified Remains of a Vessel, 614 F.2d 1051 (5th Cir.
    1980)................................................................................................................. 28

Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574 (1999). ................................. 18, 19

Stearns v. Crossmark, Inc., No. 3:13 CV-01081 (JCH), 2014 WL 12871020 (D.
    Conn. June 24, 2014)....................................................................................... 27

Steel Co. v. Citizens for Better Environment, 523 U.S. 83 (1998). ....................... 16

Stein v. Reynolds Sec., 667 F.2d 33 (11th Cir. 1982). ........................................... 24

Stransky v. HealthONE of Denver, Inc., 868 F. Supp. 2d 1178 (D. Colo. 2012). . 36

Symczyk v. Genesis HealthCare Corp., 656 F.3d 189 (3d Cir. 2011), rev'd on other
    grounds, 569 U.S. 66 (2013). ......................................................................... 12

Teemac v. Henderson, 298 F.3d 452 (5th Cir. 2002). ............................................... 8

Tennessee Coal, Iron & R. Co. v. Muscoda Loc. No. 123, 321 U.S. 590 (1944) .. 31

Turlington v. Atlanta Gas Light Co., 135 F.3d 1428 (11th Cir. 1998). .................... 7

United States v. Morton, 467 U.S. 822 (1984). ....................................................... 17

United States v. Steele, 147 F.3d 1316 (11th Cir.1998). ........................................... 8

Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303 (2006). ........................................ 16

Wang v. Palmisano, 51 F. Supp. 3d 521 (S.D.N.Y. 2014). ............................... 24, 25

Wright v. Waste Pro of Florida, Inc., No. 2:17-cv-02654, 2019 WL 3344040
    (D.S.C. July 25, 2019). ............................................................................... 3, 36

**Statutes and Rules**

28 U.S.C. § 1447(c). ............................................................. 19

29 U.S.C. § 216(a) ............................................................. 32

29 U.S.C. § 216(b). ............................................................. 9

29 U.S.C. § 216(c) ............................................................. 32

29 U.S.C. § 217 ............................................................. 32

29 U.S.C. § 251 ............................................................. 31

29 U.S.C. § 255(a). ............................................................. 12

29 U.S.C. § 256 ............................................................. 12, 13, 27

29 U.S.C. § 256(b). ............................................................. 12, 14, 27

Fed. R. Civ. P. 12(h)(3). ............................................................. 19

Fed. R. Civ. P. 56. ............................................................. 8

**Other Authorities**

H. Rep. No. 2738, 75th Cong., 3d Sess. ............................................................. 31

## JURISDICTIONAL STATEMENT

Appellant Anthony Wright appeals an Order from the Honorable Michael Moore, United States District Court Judge of the Southern District of Florida, granting Waste Pro of Florida, Inc. and Waste Pro USA, Inc.'s (collectively, "Appellees") Motion for Summary Judgment and denying Appellant's Amended Motion for Partial Summary Judgment. Order, Doc. 321, Appendix ("Appx.") at V p. 1162.  The district court had original jurisdiction over the matter pursuant to 28 U.S.C. § 1331 as Appellant raised claims under the FLSA, 29 U.S.C. §§ 201–19.

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. §1291 because a final judgment has been entered against Appellant Wright in the underlying litigation. *See* Final Judgment, Doc. 322, Appx. at V p. 1183. A notice of appeal was subsequently filed and docketed by the case manager in this matter July 5, 2022. Notice of Appeal, Doc. 323, Appx. at V p. 1184. This Court thus has appellate jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

In this FLSA case, Appellant Wright initially filed his written consent form in the District of South Carolina, which determined after a contested years-long battle that it lacked personal jurisdiction over certain defendants. Wright refiled against Appellees in the Southern District of Florida.

1.    Did the district court err by finding that statutory tolling was unavailable to toll limitations from the date that Wright filed his consent form in the District of South Carolina through the date his South Carolina claims were dismissed?

2.    Did the district court err by finding equitable tolling unavailable because Wright allegedly did not show that the two years he aggressively litigated his claims in the District of South Carolina constituted extraordinary circumstances warranting the equitable relief?

## STATEMENT OF THE CASE

Although Appellant Wright diligently pursued his FLSA claims for five (5) years in two different courts, the district court determined his claims were time-barred. In reaching this determination, the district court found that Wright's statute of limitations was not tolled when he timely filed his consent form against Appellees in the original lawsuit filed in the District of South Carolina ("South Carolina

Action").[1] After a years-long, hard-fought jurisdictional dispute in the South Carolina Action, the South Carolina district court dismissed Appellees for lack of personal jurisdiction—and with them dismissed Wright's claims without prejudice to be refiled in Florida. Wright refiled his claims against Appellees in the Southern District of Florida within weeks of the dismissal; however, his statute of limitations (absent tolling) expired while his claims were still pending in South Carolina.

## A.    SUMMARY OF RELEVANT PROCEDURAL HISTORY

Appellant Wright began this half-decade long legal battle to recover his unpaid wages against his former employers Waste Pro of Florida, Inc. and Waste Pro USA, Inc. (collectively, "Waste Pro" or "Appellees") on October 2, 2017, when he filed suit against them in the District of South Carolina. *See* South Carolina Complaint, Doc. 308-3, Appx. V p. 1001. Appellees challenged the South Carolina Court's exercise of personal jurisdiction over them by filing a motion to dismiss on jurisdictional grounds pursuant to Federal Rule of Civil Procedure 12(b)(1), commencing a jurisdictional dispute in the District of South Carolina that spanned

---

[1] It is undisputed that Wright was within 29 U.S.C. § 255(a)'s two-year statute of limitations when he filed his consent form in the South Carolina litigation on October 2, 2017. *Compare* Defendants' Response to Plaintiff's Amended Statement of Material Facts, Doc. 313, ¶ 21, Appx. V. p. 1078, *with* Plaintiff's Amended Statement of Material Facts, Doc. 308, ¶ 21, Appx. IV p. 998.

two years. The Honorable David C. Norton summarized the procedural history of

the South Carolina case as follows:

> Plaintiffs filed suit in this court on October 2, 2017, and filed their
> second amended complaint on December 5, 2017, bringing the
> following causes of action: (1) violation of the Fair Labor Standards
> Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* . . . Doc. 30-2. On December
> 20, 2017, Waste Pro USA and Waste Pro FL filed a motion to dismiss
> for lack of subject matter jurisdiction, lack of personal jurisdiction, and
> failure to state a claim, and also seeking the dismissal of plaintiffs'
> North Carolina claim based on preemption grounds. ECF Nos. 37 and
> 38. The other defendants filed nearly identical motions that same day,
> with Waste Pro SC and Waste Pro NC declining to bring a motion to
> dismiss for lack of personal jurisdiction. ECF Nos. 39 and 40. On
> January 16, 2018, plaintiffs filed virtually identical responses to all of
> the motions. ECF Nos. 46, 47, 48, and 49. On February 2, 2018,
> defendants filed a joint reply to those responses. Doc. 54. Pursuant to
> the court's order to conduct jurisdictional discovery, WP USA and WP
> FL filed their supplemental briefing on the personal jurisdiction issue
> on November 30, 2018, Doc. 124, and plaintiffs filed their
> supplemental briefing on February 15, 2019, Doc. 141, and filed a reply
> to plaintiffs' brief on February 25, 2019, Doc. 143.

*Wright v. Waste Pro of Florida, Inc.*, No. 2:17-cv-02654, 2019 WL 3344040, at *1

(D.S.C. July 25, 2019). On July 25, 2019, after the Parties had engaged in extensive

personal-jurisdiction discovery and briefing, Judge Norton ruled for Appellees and

dismissed Wright's claims against them without prejudice, to be refiled in Florida.

*See id.*

Approximately three weeks later, on August 15, 2019, Wright re-filed his

claims in the Southern District of Florida. *See* Original Collective Action Complaint,

Doc. 1, Appx. I p. 185. Appellees again filed a motion to dismiss pursuant to Federal

Rule of Civil Procedure 12(b)—this time alleging that Wright's claims were time-barred by the statute of limitations. *See* Motion to Dismiss, Doc. 42, Appx. III p. 617. Judge Moore denied Appellees' motion, finding instead that the question of equitable tolling was a factual issue. *See* Order Denying Waste Pro's Motion to Dismiss, Doc. 116, p. 5, Appx. III p. 671.

Wright sought (and received) conditional certification of a collective action on behalf of other similarly situated Waste Disposal Drivers who worked for Waste Pro. *See* Conditional Certification Order, Doc. 148, Appx. III p. 707. Approximately 650 Waste Disposal Drivers opted-in to the action. After the close of discovery, Waste Pro obtained decertification of the collective action, leaving only Wright's claims pending before the court below.[2] *See* Decertification Order, Doc. 291, Appx. IV p. 915.

After decertification, Wright filed his Second Amended Complaint alleging the same claims as previously plead, albeit in his individual capacity only. *See* Wright's Second Amended Complaint, Doc. 299, Appx. IV p. 934. Appellees answered and alleged affirmative defenses to Wright's individual claims. *See*

---

[2] When the district court decertified the collective it also mooted the pending dispositive motions and authorized the Parties to refile their respective summary judgment motions tailored specifically to Appellant Wright's claims. *See* Decertification Order, Doc. 291, Appx. IV p. 915.

Defendants' Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint, Doc. 305, Appx. IV p. 956.

On March 3, 2022, the Parties refiled their respective briefing for their dispositive motions. *See* Defendants Statement of Material Facts, Doc. 306, Appx. IV p. 967; Defendants' Motion for Summary Judgment, Doc. 307, Appx. IV p. 975; Plaintiff's Amended Statement of Material Facts, Doc. 308, Appx. IV p. 995; Plaintiff's Amended Motion for Partial Summary Judgment, Doc. 309, Appx. V p. 1054. Wright and Appellees both moved for summary judgment on the limitations issue. *See* Plaintiff's Amended Motion for Partial Summary Judgment, Doc. 309, p. 11–18, Appx. V p. 1064–71; Defendants' Motion for Summary Judgment, Doc. 307, p. 3–8, Appx. IV p. 977–82. Wright contended that his statute tolled upon the filing of his original consent form in the South Carolina action on October 2, 2017, or alternatively, that equitable tolling applied to preserve his claims if statutory tolling did not. Appellees argued that neither statutory nor equitable tolling applied, and Wright's claims were time-barred. On June 5, 2022, the district court granted Appellees' summary judgment motion (and denied Appellant's) after deciding Wright's claims were time-barred because neither statutory nor equitable tolling applied. *See* Order, Doc. 321, Appx. V p. 1162. By this appeal, Wright seeks reversal of the district summary judgment and remand this action to the district court for further proceedings.

## B.    FACTUAL SUMMARY

The facts are largely undisputed as they pertain to the timeliness of Appellant Wright's claims.[3] Waste Pro USA, Inc. is the parent corporation of Waste Pro of Florida, Inc.[4] Appellees jointly operate a waste disposal company that provides residential and commercial solid waste and recyclable collection and disposal services across Florida. *See* Defendants' Statement of Material Facts, Doc. 306, ¶ 1, Appx. IV p. 969. Appellees divided Florida into five (5) regions across the state— Southwest, Southeast, Central, Coastal, and Northeast—with a Regional Vice President overseeing each region. *Id.* at ¶ 2. Inside each region are multiple divisional facilities that are typically overseen by a Division Manager or Site Manager. *Id.* at ¶ 3. Wright worked as a commercial Waste Disposal Driver in the Palm Beach and Pembroke Pines Divisions in the Southeast Region from September 14, 2014, until November 7, 2015. *See* Plaintiff's Amended Statement of Material

---

[3] Because the district court specifically restricted its ruling on summary judgment to the application of the statute of limitations, Appellant does not address the other issues raised in the competing motions for summary judgment and has restricted his Appendix to exclude summary judgment evidence not relevant to the statute of limitations determination. *See* Order, Doc. 321, at fn. 4, Appx. V p. 1163.

[4] Wright alleged that Appellees jointly employed him. Although Waste Pro USA, Inc. initially denied that it was Wright's employer pursuant to § 203(e) of the FLSA, it ultimately stipulated to the joint employer allegations. *Compare* Plaintiff's Amended Statement of Material Facts, Doc. 308, ¶ 1, Appx. IV p. 995, *with* Defendant's Response to Plaintiff's Statement of Material Facts, Doc. 313, ¶ 1, Appx. V p. 1076.

Facts, Doc. 308, ¶¶ 20–21, Appx. IV p. 998; Defendants' Statement of Material Facts, Doc. 306, ¶ 10, Appx. IV p. 971.

Appellant Wright filed his original lawsuit and written consent form against Waste Pro USA, Inc., *et al.*, on October 2, 2017. *See* South Carolina Original Complaint, Doc. 308-3, Appx. V p. 1001; Plaintiff's South Carolina Written Consent, Doc. 268-7, Appx. IV p. 913. With his last day of employment with Appellees falling on November 7, 2015, Appellant Wright had thirty-six (36) days available on his automatic two-year statute of limitations and 410 days available on his 3-year statute of limitations (contingent on a finding of willfulness) on the day he filed suit in South Carolina. On July 25, 2019—the day the South Carolina district court dismissed Appellant Wright's claims without prejudice—Appellant Wright's statute of limitations had expired, absent statutory or equitable tolling.

## STANDARD OF REVIEW

This court exercises *de novo* review of the district court's grant of summary judgment. *Carithers v. Mid-Continent Cas. Co*., 782 F.3d 1240, 1245 (11th Cir. 2015); *Turlington v. Atlanta Gas Light Co*., 135 F.3d 1428, 1432 (11th Cir. 1998). This Court applies the same legal standards that bound the district court and views all facts and any reasonable inferences therefrom in the light most favorable to Appellant Wright, as the non-moving party. *Id.* Summary judgment is appropriate

only when "there is no genuine issue of material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

Likewise, the questions of whether statutory or equitable tolling apply are legal ones subject to *de novo* review.[5] *See Booth v. Carnival Corp.*, 522 F.3d 1148, 1149 (11th Cir. 2008) ("With the understanding that '[t]he question of whether equitable tolling applies is a legal one subject to *de novo* review . . . .") (citation omitted); *Teemac v. Henderson*, 298 F.3d 452, 456 (5th Cir. 2002) ("Where the district court interprets a statute or regulation, appellate courts review *de novo*.")

## SUMMARY OF ARGUMENT

The district court erred when it granted Appellees' summary judgment motion on limitations grounds. Appellant Wright filed suit against Appellees within his two-

---

[5] Appellees may argue that the proper standard of review is the abuse of discretion standard. *See Arce v. Garcia*, 434 F.3d 1254, 1260 (11th Cir. 2006) (stating that abuse of discretion is the standard of review for equitable tolling claims); *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998) (noting "discretion" of district courts to apply equitable tolling). However, this Court has already addressed the discrepancy and acknowledged that the appropriate standard of review is *de novo*. *See Crist v. Carnival Corp.*, 410 F. App'x 197, 199 (11th Cir. 2010) ("Accordingly, we are bound to follow our decision in *Bailey v. Carnival Cruise Lines, Inc.*, 774 F.2d 1577, 1578 (11th Cir.1985), and apply a plenary or *de novo* standard of review to the question of whether equitable tolling applies.") (citing *United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir.1998) (en banc) ("It is the firmly established rule of this Circuit that each succeeding panel is bound by the holding of the first panel to address an issue of law, unless and until that holding is overruled *en banc*, or by the Supreme Court.") (internal quotation marks and citation omitted)).

year statute of limitations in the South Carolina Action and his claims were statutorily tolled upon the filing of his written consent form pursuant to 29 U.S.C. § 255(a).

Contrary to the district court's reasoning, the FLSA does not include a jurisdictional requirement as a prerequisite to tolling. Instead, the only jurisdictional requirement is found in 29 U.S.C. § 216(b) of the FLSA where it requires an action be filed in a court of competent jurisdiction. No explicit jurisdictional requirement applies to statutory tolling.

However, even if § 216(b)'s jurisdictional requirement that an FLSA action be filed in a court of competent jurisdiction applies to limit statutory tolling, Wright's South Carolina Action *was* filed in a court of competent jurisdiction. Supreme Court jurisprudence recognizes that the term "competent jurisdiction" is synonymous with subject matter jurisdiction (which cannot be waived), not personal jurisdiction (which can be). Because it is undisputed the South Carolina district court had subject matter jurisdiction over Wright's FLSA claims, it was a court of competent jurisdiction as that term is defined by the Supreme Court. The district court erred in holding that personal jurisdiction was required to benefit from the FLSA's statutory tolling provision.

Likewise, the district court erred when it determined that equitable tolling would not apply to benefit Wright because he did not sufficiently show that

extraordinary circumstances existed that warranted tolling. That holding prevented Wright from vindicating his federal rights based on a technical deficiency in his pleading. Wright believed that the South Carolina district court had personal jurisdiction over the Appellees at the time he filed the South Carolina Action and maintained that belief through significant jurisdictional discovery and briefing.

Although Wright maintained that jurisdiction was proper, the district court's ruling retroactively imposed an obligation to file a duplicative action to protect his claims. This holding, if affirmed, will impose a burden on future FLSA plaintiffs to file wholly duplicative "protective" lawsuits in other jurisdictions to "hedge their bets." Duplicative litigation will needlessly burden courts and parties and thwart the efficiencies the FLSA seeks to provide. This heightened requirement that a plaintiff file multiple lawsuits is an example of "maximum" diligence, not the reasonable diligence the United States Supreme Court has found acceptable in the equitable tolling context.

Finally, Appellees were on notice of Wright's claims in the South Carolina Action and equitable tolling would not cause them any prejudice. Indeed, the parties have now litigated this case in the Southern District of Florida alone for three (3) years and have completed all pre-trial requirements, up to and an including filing

their Joint Pretrial Stipulation.[6] The Congressional purpose of the limitations provision is thus satisfied.

## ARGUMENT & AUTHORITY

## I.    STATUTORY TOLLING APPLIES AND APPELLANT WRIGHT'S STATUTE OF LIMITATIONS WAS TOLLED DURING THE PENDENCY OF THE SOUTH CAROLINA ACTION

Despite recognizing the availability of statutory tolling in the FLSA context, the district court ultimately determined that Appellant Wright was not entitled to statutory tolling for the two-year period his written consent form was on file in the South Carolina Action. The court reached that determination after deciding the District Court of South Carolina was not a "court of competent jurisdiction" because Appellees (and with them Wright's claims) were ultimately dismissed on personal jurisdiction grounds.

### A.    THE FLSA'S TOLLING STATUTE DOES NOT HAVE A JURISDICTIONAL ELEMENT

The FLSA has a two-year statute of limitations, with a three-year statute available in instances where the defendant willfully violates the FLSA. *See* 29 U.S.C. § 255(a). In FLSA actions, courts should apply statutory tolling from the date

---

[6] The Parties filed their Joint Pretrial Stipulation on June 2, 2022, only two days before the district court entered its order granting Appellees' dispositive motion on limitations grounds. *See* Joint Pretrial Stipulation, Doc. 320, Appx. V p. 1156; Order, Doc. 321, Appx. V p. 1162. (noting the signature date on the order itself is June 4, 2022, though it was filed in the record on June 5, 2022).

individuals file their written notices of consent to the day they are dismissed from the action. *See Mickles v. Country Club Inc*., 887 F.3d 1270, 1281 (11th Cir. 2018) (holding the FLSA opt-in plaintiffs "are entitled to statutory tolling of their claims beginning on the dates they filed their written consents") (citing 29 U.S.C. § 256(b)); *see also, e.g., Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 200 (3d Cir. 2011), *rev'd on other grounds*, 569 U.S. 66 (2013).

Specifically, the statute provides that an—

> action . . . to enforce any cause of action for unpaid overtime compensation, or liquidated damages, under the [FLSA] . . . may be commenced within two years after the cause of action accrued . . . except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued[.]"

29 U.S.C. § 255(a). While § 255(a) identifies the statute of limitations, it bases that limitations date on a "commencement" date. *See id.*

Congress defined the commencement date for actions arising under the FLSA in the very next section. *See* 29 U.S.C. § 256.

> In determining when an action is commenced for the purposes of section 255 of this title, an action . . . . shall be considered commenced in the case of any individual claimant–
>
> > (a) on the date when the complaint is filed, if he is specifically named as a party in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought[.]

*See id.* at § 256. Section 256 makes no reference to filing in a "court of competent jurisdiction" and instead recognizes that an FLSA action is commenced, for limitations purposes, on the date the action (and corresponding written consent) is filed.[7] *Id.*

The district court looked to § 216(b)—instead of the statutes specifically authorizing tolling upon the filing of a written consent—to judicially insert the requirement that a court of competent jurisdiction is necessary to toll the FLSA's statute of limitations. *See* Order, Doc. 321, p. 9, Appx. V p. 1170. The district court's addendum to the statutory text is unsupported by authority, binding or otherwise.[8]

---

[7] Commencement—according to the plain text of the statute—does not specifically require a "court of competent jurisdiction." *See* 29 U.S.C. § 256(a). Had Congress intended to tie the commencement date to filing in a "court of competent jurisdiction" it could have done so. *See Lawson v. Conyers Chrysler, Plymouth, & Dodge Trucks, Inc.*, 600 F.2d 465, 465 (5th Cir. 1979) (citing the statute of limitations found 15 U.S.C. § 1640(e) which provides "[a]ny action under this section may be brought in any United States district court, *or in any other court of competent jurisdiction*, within one year from the date of the occurrence of the violation") (emphasis added). The preeminent canon of statutory construction requires that this Court "presume that the legislature says in a statute what it means and means in a statute what it says there." *Bedroc Limited, LLC v. United States*, 541 U.S. 176, 183 (2004) (internal quotations omitted).

[8] The district court cited to *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 695 (2003) to support the statutory inclusion of an additional jurisdictional requirement. *See* Order, Doc. 321, p. 9–10, Appx. V p. 1170–71. *Breuer* does not support the proposition that statutory tolling is not available in cases filed outside courts of competent jurisdiction, instead it recognizes the established fact that removal to a court of competent jurisdiction does not affect a claimant's ability to "maintain" an FLSA action. *See Breuer*, 538 U.S. at 695 (recognizing that the use

*See id.* It is also contrary to the holding reached in the Middle District of Florida based on identical facts.

United States Magistrate Judge Gregory J. Kelly addressed the tolling issue in a parallel proceeding pending before the Middle District of Florida.[9] *See Blandon v. Waste Pro USA, Inc*., No. 6:19-CV-2420-WWB-GJK, 2021 WL 7441945, at *9 (M.D. Fla. Dec. 15, 2021), *report and recommendation adopted*, No. 6:19-CV-2420-WWB-GJK, 2022 WL 336824 (M.D. Fla. Feb. 4, 2022). There, Judge Kelly denied Appellees' summary judgment motion on limitations grounds, finding that they were not entitled to summary judgment on the statute of limitations issue. *See id.* (citing 29 U.S.C. § 256(b)).

Therefore, *Blandon* supports Wright's position. The plain language of the statute authorizes the tolling of Wright's statute of limitations for the time his claims

―――――――――

of the word "maintain" in § 216(b) does not create an express prohibition against removal and noting that Congress is capable of "doing so in unmistakable terms") (collecting cases addressing Congress's ability to say what it means).

[9] Dodd Blandon was an individual who had opted into the South Carolina Action. Mr. Blandon's claims were also dismissed after the South Carolina district court determined it did not have personal jurisdiction over Appellees. As a result of that order, Mr. Blandon refiled his FLSA claims against Waste Pro USA, Inc., in the Middle District of Florida. Appellees filed a near identical motion for summary judgment on the statute of limitations.

were pending before the District of South Carolina. The district court erred in inserting extra-textual requirements into the statutory framework of the FLSA.[10]

Although the FLSA's express tolling provisions clearly provide for statutory tolling without a limiting reference to a "court of competent jurisdiction," statutory tolling would still preserve Wright's claims even if it was predicated upon filing in a court of competent jurisdiction, as that term is widely understood, as a prerequisite for tolling.

## B.    THE SOUTH CAROLINA DISTRICT COURT WAS A COURT OF COMPETENT JURISDICTION

Appellant Wright first filed his claims against Appellees within his two-year statute of limitations in a court of competent jurisdiction. The court below looked to the South Carolina District Court's ultimate order dismissing Appellees for lack of personal jurisdiction to say that the South Carolina District Court was *not* a court of competent jurisdiction. While Wright recognizes (as he must) that personal jurisdiction, subject matter jurisdiction, and venue represent the necessary "trifecta" a case must have to successfully proceed to judgment—that trifecta is not included

---

[10] The authorities the district court—and Appellees—relied on to "read in" a non-statutory jurisdictional requirement are wholly distinguishable and will be discussed in greater detail, *infra.*

within the phrase a "court of competent jurisdiction" as that term has historically been applied by both Congress and the courts.

### 1. The Supreme Court Recognizes that "Competent" Jurisdiction Historically, and Typically, Refers to Subject Matter Jurisdiction

Instead, a "court of competent jurisdiction" is typically recognized by the United States Supreme Court to specifically refer to a court with subject-matter jurisdiction over the claims at issue. *Lightfoot v. Cendant Mortg. Corp*., 580 U.S. 82, ___, 137 S. Ct. 553, 560–62 (2017). In construing the term "court of competent jurisdiction" when used in a statute, the Supreme Court stated that "this Court has understood the phrase 'court of competent jurisdiction' as a reference to a court with an existing source of subject-matter jurisdiction." *Id.* at 561 (citing *Ex parte Phenix Ins. Co*., 118 U.S. 610 (1886)).

Limiting the analysis of a court's competence to whether or not it has subject matter jurisdiction is logical because "a court's subject-matter jurisdiction defines its power to hear cases." *Id.* at 560 (citing *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 89 (1998) (recognizing that subject-matter jurisdiction is "the court's statutory or constitutional power to adjudicate the case" (emphasis deleted)); *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 316 (2006) ("Subject-matter jurisdiction . . . concerns a court's competence to adjudicate a particular category of cases")). "It follows that a court of competent jurisdiction is a court with a grant of

subject-matter jurisdiction covering the case before it." *Id.* at 560–61 (citing *Pennoyer v. Neff*, 95 U.S. 714, 733 (1878) ("[T]here must be a tribunal competent by its constitution—that is, by the law of its creation—to pass upon the subject-matter of the suit")).

The Supreme Court's recognition of the term's meaning in *Lightfoot* is not a new one—instead using the term court of "competent jurisdiction" has referred to a court's subject matter jurisdiction since 1878 in one of the foundational pillars of jurisdictional jurisprudence, *Pennoyer v. Neff*, 95 U.S. 714 (1878).

> As far back as *Pennoyer v. Neff* . . . we drew a clear distinction between a court's "competence" and its jurisdiction over the parties:
>
>> "To give such proceedings any validity, there must be a tribunal competent by its constitution—that is, by the law of its creation—to pass upon the subject-matter of the suit; and, if that involves merely a determination of the personal liability of the defendant, he must be brought within its jurisdiction by service of process within the State, or his voluntary appearance."

*United States v. Morton*, 467 U.S. 822, 828 (1984) (citing *Pennoyer*, 95 U.S. at 733) (recognizing that the concept of a court of "competent jurisdiction," typically refers to subject-matter jurisdiction as opposed to personal jurisdiction).

Because the South Carolina district court undisputedly had subject matter jurisdiction over Wright's claims against Appellees, it was a court of competent jurisdiction, and statutory tolling was mandated.

17

**2.    The Concept of Waiver Supports Determination that a Court of "Competent Jurisdiction" Is Synonymous with a Court with Subject Matter Jurisdiction**

The district court cited *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–84 (1999)[11] for the proposition that statutory tolling is unavailable if personal jurisdiction is lacking. Appellant Wright respectfully disagrees with the district court's analysis. Because personal jurisdiction (like venue) is waivable, it alone does not affect the jurisdiction of the district court—a district court *could* enter a binding final judgment against a defendant that it did not initially have personal jurisdiction over.

This concept of "waiver" was considered by the Supreme Court in *Burnett*—the seminal case authorizing tolling—where it determined that a defendant can waive its venue objections even when venue is technically improper. *See Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 429 (1965) (recognizing that improper venue is waivable by the defendant and ultimately authorizing equitable tolling of the statute of limitations). Like venue, personal jurisdiction is waivable—unless it is raised at the very outset of the case—an initial lack of personal jurisdiction does not

---

[11] The district court cited *Ruhrgas AG* as supporting authority cited by *Lightfoot. See* Order, Doc. 321, p. 8, Appx. V p. 1169. However, as discussed in greater detail *supra*, *Lightfoot's* holding did not support the district court's Order. *See Lightfoot,* 137 S. Ct. at 562 (mentioning the potential application of personal jurisdiction in the term "competent jurisdiction" in *dicta* when discussed in the alternative).

18

affect the competency of the court to hear disputes and proceed to judgment. *See Ruhrgas AG*, 526 U.S. at 583–84.

Instead, the inherent ability to waive personal jurisdiction further illustrates the Supreme Court's position that a court of competent jurisdiction refers to a court of subject matter jurisdiction. In *Ruhrgas AG*, the Supreme Court recognized the critical distinctions between subject matter jurisdiction and personal jurisdiction. *See id.*

> The character of the two jurisdictional bedrocks unquestionably differs. Subject-matter limitations on federal jurisdiction serve institutional interests. They keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level.
>
> Personal jurisdiction, on the other hand, represents a restriction on judicial power . . . as a matter of individual liberty. Therefore, a party may insist that the limitation be observed, or he may forgo that right, effectively consenting to the court's exercise of adjudicatory authority.

*Id.* (internal quotations and citations omitted).

The Supreme Court's reasoning in *Ruhrgas AG* highlights exactly why personal jurisdiction is unnecessary to meet the accepted definition of a "competent jurisdiction." Subject matter jurisdiction is non-waivable and strictly enforced by the courts and personal jurisdiction is not. *Compare* FED. R. CIV. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court *shall* dismiss the action.") (emphasis added); 28 U.S.C. § 1447(c) ("If at any time before

final judgment [in a removed case] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") *with* FED. R. CIV. P. 12(h)(1) (identifying the defense of lack of jurisdiction over the person as waivable); *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982) (same).

This Court's holding in *Booth* also supports Wright's analysis. In *Booth*, this Court upheld the denial of defendant's motion, noting that '[b]ecause the state court possessed subject matter jurisdiction over Booth's claim, and because the state court dismissed the claim merely on grounds of improper venue, we hold that Booth's filing and diligent prosecution of his state-court suit suffices to equitably toll the contractual limitation period in his identical federal suit." *Id.* at 1150. The Eleventh Circuit reasoned:

> Booth initially timely filed suit in a state court of competent jurisdiction. Despite the state courts' eventual ruling that venue was improper, which ruling resulted in dismissal, Booth in no way slept on his claims against Carnival. Even though Booth filed the instant federal suit after the contractual limitation period had run, Carnival was aware within the limitation period that Booth was actively pursuing his cause of action. The underlying policy of repose, reflected in the agreed-upon limitation period, and designed to assure fairness to Carnival, is not violated by equitable tolling in this case. ***To the contrary, the interests of justice are best served here, as in Burnett, by allowing the parties to resolve Booth's claims on the merits.***

20

*Id.* at 1152 (emphasis added). In reaching its conclusion, this Court did not address the issue of personal jurisdiction in deciding that the plaintiff originally brought his claims in a court of competent jurisdiction. *Id.*

### 3. The Authorities Relied on by the District Court Do Not Support Any Departure from the Supreme Court and this Court's Construction of "Court of Competent Jurisdiction."

None of the cases the district court relied on in determining Appellant Wright's claims are time barred provide persuasive authority on the question before this Court—whether *statutory* tolling is available to an FLSA plaintiff when *personal* jurisdiction over the defendant is later found to be lacking. *See generally* Order, Doc. 321, Appx. V p. 1162; *see also* Defendants' Response in Opposition to Plaintiff's Amended Motion for Partial Summary Judgment, Doc. 316, p. 9–15, Appx. V p. 1116–22. Most of the authorities relied on by the district court are distinguishable because they a) involve the concept of *equitable* tolling, b) involve a defect in *subject matter* jurisdiction, or c) are addressing a different legal standard entirely. *Id.* In many circumstances, multiple distinguishing defects apply.

The district court relied on this Court's opinion in *Booth v. Carnival Corp.*, , for the general proposition that "filing in a court without competent jurisdiction does not toll the statute of limitations."[12] *Id.* However, this Court's holding in *Booth* is in

---

[12] *Booth* also addressed the *equitable* tolling of a plaintiff's wrongful death claim in the context of dismissal as a result of improper venue. *See generally* 522

line with the Supreme Court's recognition that reference to a court of "competent jurisdiction" is synonymous with "subject matter jurisdiction." *See Merriken v. Am. Mar. Officers Vacation Plan*, No. 08-60687-CIVJORDAN, 2008 WL 4899126, at *3 (S.D. Fla. Sept. 29, 2008) ("The Eleventh Circuit has also held that tolling of a limitations period is not appropriate for the period of time that a state-court action was pending if the state court lacked *subject-matter jurisdiction* (i.e., if the federal courts had exclusive jurisdiction).") (citing *Booth*, 522 F.3d at 1152) (emphasis added); *Jackson v. Astrue*, 506 F.3d 1349, 1358 (11th Cir. 2007) (collecting cases where this Court refused to toll the statute of limitations in cases first filed in a court without subject matter jurisdiction to hear their claims); *see also Mazzula v. Am. Strategic Ins. Corp.*, No. 2019-CV-215-FTM-SPC-NPM, 2021 WL 252295, at *3 (M.D. Fla. Jan. 26, 2021) (finding that a lawsuit in a court without subject matter jurisdiction did not toll the statute of limitations). Wright has no basis to disagree with *Booth's* well-accepted holding, it simply does not apply here.

--------

F.3d 1148. Importantly, *Booth* did not address tolling pursuant to <u>any</u> statutory authority, much less pursuant to 29 U.S.C. §§ 255(a) or 256—the tolling provisions before this Court. *See id.* at 1150 ("Because the state court possessed subject matter jurisdiction over Booth's claim, and because the state court dismissed the claim merely on grounds of improper venue, we hold that Booth's filing and diligent prosecution of his state-court suit suffices to equitably toll the contractual limitation period in his identical federal suit.").

The cases relied on by the district court, or otherwise cited by Appellees, seemingly addressing the necessity of personal jurisdiction are distinguishable because they do not address personal jurisdiction in the context of tolling, but instead in the context of issue preclusion—specifically when analyzing the availability of collateral estoppel and *res judicatta*. *See Drake v. Whaley*, 355 F. App'x 315, 317 (11th Cir. 2009) (involving the plaintiff's attempt to apply the discovery rule to toll the statute of limitations in a tort case, this Court analyzed the second prong of the collateral estoppel analysis, and determined that a lack of personal jurisdiction over the defendant was fatal to the collateral estoppel[13] argument); *Harty v. Ehden, N.V.*, No. 12-CV-14087-KMM, 2012 WL 2312044, at *2 (S.D. Fla. June 18, 2012) (deciding whether a prior judgment was issued by a court of competent jurisdiction in analyzing the doctrine of *res judicatta*). The requirements for issue preclusion (and the consequences of its application) are very different than those applicable to a tolling analysis, as they should be. *See Drake*, 355 F. App'x at 317 ("Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent

---

[13] The opinion uses the word "equitable estoppel" but from a reading of the opinion, and its placement in the collateral estoppel analysis, it is clear that "collateral" estoppel was the intended word. *See Drake v. Whaley*, 355 F. App'x at 317.

suits . . . involving a party to the prior litigation.") (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)).

Indeed, the *only* case relied on by the district court that addressed statutory tolling in the absence of personal jurisdiction in the FLSA context was *Wang v. Palmisano*, 51 F. Supp. 3d 521 (S.D.N.Y. 2014).[14] *Wang* represents non-controlling (and non-persuasive) authority that occurred as the result of a seemingly vexatious litigant representing himself *pro se* to recover damages for exactly fourteen (14) days of work that occurred in March 2008. *See generally* 51 F. Supp. 3d 521. In 2013, after filing five separate lawsuits in multiple state and federal courts, Mr. Wang filed

---

[14] The district court also looked to *Bedoya v. Aventura Limousine & Transportation Service, Inc*., No. 11-24432-CIV, 2012 WL 3962935 (S.D. Fla. Sept. 11, 2012) to determine the statutory tolling provided by 29 U.S.C. §§ 255(a) and 256 did not apply to Wright. *Bedoya* involved a voluntary dismissal after the plaintiff's statute had run. *See* 2012 WL 3962935, at *4. In determining that "[t]he voluntary dismissal of a claim 'has the effect of placing the parties in a position as if the suit had never been filed[ ]'" the *Bedoya* court did not rely on any cases addressing statutory tolling. *See id.* (citing *Dade Cnty. v. Rohr Indus., Inc*., 826 F.2d 983, 989 (11th Cir.1987) (addressing the relation back doctrine) and *Stein v. Reynolds Sec*., 667 F.2d 33, 34 (11th Cir. 1982) (addressing the well-settled rule that absent statutory tolling, "dismissal of an earlier suit [ ] without prejudice does not authorize a subsequent suit brought outside of the otherwise binding period of limitations")) (citation omitted)). *Bedoya* is not relevant or persuasive here.

his fifth lawsuit in the Southern District of New York under the FLSA and Massachusetts statutory wage laws. *See id.* at 526–28.

Although the court concluded that dismissal on jurisdictional grounds did not toll the statute of limitations for subsequent suits, the cited authority did not involve statutory tolling under the FLSA, §§ 255(a) and 256. *See id.* at 532. More importantly, however, Wang's claims were time-barred even *had* the court granted tolling. *See id.* at 533–34 ("[E]ven if the Court applied equitable tolling to exclude from the limitations period the time during which Plaintiff's state and federal actions in Massachusetts were pending, the Complaint would still be untimely . . . ."). *Wang* was decided on an unfortunate and unique set of facts and procedural record that reflects the *pro se* nature of the plaintiff's representation. *See id.* at 533 (noting the plaintiff did not raise the issue of tolling). The non-binding *Wang*, as the only case law potentially relevant here, lacks the persuasive force needed to deprive Wright of his day in court in light of other binding Supreme Court and Eleventh Circuit precedent discussed above, and other case law in Wright's favor discussed below.

### 4.    A Contested Dismissal Without Prejudice—Even on Personal Jurisdiction Grounds—Cannot Negate the Statutory Tolling Mandated by the FLSA.

While the district court correctly noted that Appellant Wright's cited authority is not controlling, it is *Wright's* authority that actually addresses the issue before this Court. It is therefore both helpful and persuasive. The FLSA case *In re Tyson Foods,*

*Inc.*, No. 4:07-MD-1854, 2008 WL 4613654 (M.D. Ga. Oct. 15, 2008), is instructive. There, the court held that subsequent consent forms filed in a severed action related back to the original filing date of the consent forms. *Id.* at *5. The original district court presiding over the case denied the plaintiffs' motion for conditional certification, severed the action of the named plaintiffs and transferred the actions to multiple jurisdictions, wherein ultimately thirteen new lawsuits were filed against Tyson. *Id.* at *1. Subsequently, the employees requested the district court recognize the validity of consent forms previously filed. *Id.* at *4.

> Should an individual who previously opted in to the [prior] *Fox* case file a new consent form affirming his or her consent to be represented by the representative Plaintiff(s) and class counsel in this litigation, the new consent form will be regarded as a reaffirmation of the old consent form and will be deemed to relate back to the old consent form such that the old consent form will be recognized as tolling the statute of limitations through the filing date of the new consent form.

*Tyson Foods*, 2008 WL 4613654, at *1 (emphasis added). Similarly, here, Wright's claims were tolled during the pendency of the South Carolina Action through the dismissal date of July 25, 2019. Wright re-affirmed his prior consent form by filing a new consent form in this case expressing his desire to continue this action against Defendants. See Florida Written Consent Form, Doc. 9-1, p. 9, Appx. II p. 323. There is no statutory basis to treat the claims of an opt-in plaintiff differently than the claims of a named plaintiff for tolling purposes. *Compare* 29 U.S.C. § 256(a)

*with* § 256(b). As such, the statute of limitations for Wright was tolled from the date he filed the South Carolina Action, not just this action.

Other courts have reached the same result. In *Hodges v. Illinois Bell Telephone Company*, No. 15-C-2711, 2015 WL 6407757 (N.D. Ill. Oct. 21, 2015), the Northern District of Illinois recognized that statutory tolling applies in the context of a decertified collective action that results in the involuntary dismissal of the claims of the opt-in plaintiffs without prejudice. This is the typical (and proper) result. *See Garcia v. Crossmark, Inc.* No. CV 13-693 MV/LAM, 2014 WL 12482623 (D.N.M. Jan. 29, 2014) (recognizing plaintiffs' participation in the collective action tolled the statute of limitations for their claims); *Stearns v. Crossmark, Inc.*, No. 3:13 CV-01081 (JCH), 2014 WL 12871020 (D. Conn. June 24, 2014) (same); *Orduna v. Chamoin Drywall, Inc.*, No. 2:12-cv-1144-LDG-VCF, 2013 WL 1249586 (D. Nev. March 26, 2013) (tolling FLSA opt-in plaintiffs' statute of limitations during time period individuals had been joined into previous, related action); *McLaughlin v. Boston Harbor Cruises, LLC*, No. 06-11200-GAO, 2009 WL 890101 (D. Mass. March 31, 2009) (same). When statutory tolling applies, as it does here, equitable tolling is unnecessary. *See Garcia,* 2014 WL 12482623, at *2; *Stearns*, 2014 WL 12871020, at *2.

There is no reason a different result is warranted when a dismissal without prejudice is caused by a personal jurisdictional defect. Nor does the fact the *Hodges*

plaintiffs asked for equitable tolling change the analysis. Here, Wright advised the district court that although his claims were statutorily tolled, he intended to (and ultimately did) seek equitable tolling before the district court dismissed his claims. *See* Original Complaint, Doc. 1, p.3 n.1, Appx. I p. 187.

In sum, under the FLSA, limitations are tolled by operation of law—statutory tolling—on the date an employee-plaintiff first files a written consent form concerning his claims against his employer, and that holds true even if the claims in the first suit are dismissed without prejudice and refiled. Thus, Wright's claim was tolled beginning on October 2, 2017, through at least the date that his South Carolina Action claims were dismissed without prejudice on July 25, 2019.

## II.   ALTERNATIVELY, EQUITABLE TOLLING APPLIES TO TOLL APPELLANT WRIGHT'S STATUTE OF LIMITATIONS

Although Appellant Wright contends the question of equitable tolling is unnecessary because statutory tolling applies, equitable tolling is equally warranted. *See Blandon*, 2021 WL 7441945, at *9.

"[T]he mere fact that a federal statute providing for substantive relief also sets a time limitation upon the institution of suit under the statute does not restrict the power of the federal courts to hold that the statute of limitations is tolled under certain circumstances not inconsistent with the legislative purpose." *Platoro Ltd., Inc. v. Unidentified Remains of a Vessel*, 614 F.2d 1051, 1054 (5th Cir. 1980) (citing *American Pipe and Construction Co. v. Utah*, 414 U.S. 538, 559 (1974)); *Leake v.*

28

*University of Cincinnati*, 605 F.2d 255, 259 (6th Cir. 1979); *cf. Mizell v. North Broward Hospital District*, 427 F.2d 468 (5th Cir. 1970). Judicial power to equitably toll statutes of limitations was firmly established in *Burnett v. New York Central Railroad*, 380 U.S. 424 (1965).

In *Burnett v. New York Central Railroad Company*, the Supreme Court held that "when a plaintiff begins a timely FELA [Federal Employers' Liability Act] action in a state court of competent jurisdiction, service of process is made upon the opposing party, and the state court action is later dismissed because of improper venue, the FELA limitation is tolled during the pendency of the state action."[15] *Id.* at 1054. The Supreme Court reasoned that those statutes of limitations are designed to assure "fairness" to defendants and that plaintiffs must "put the adversary on notice to defend within the period of limitation." *Id.* Those policies are "frequently outweighed, however, where the interests of justice require vindication of the plaintiff's rights." *Id.* at 1055. The Supreme Court also importantly noted that the defendant could not have relied on the limitation period because it was aware of the

---

[15] Later, the Eleventh Circuit in *Justice v. United States.*, cited *Burnett* for the proposition that equitable tolling may be appropriate when a plaintiff timely files a technically defective pleading and in all other respects acts with the proper diligence which statutes of limitation were intended to insure. 6 F.3d 1474, 1479 (11th Cir. 1993) (citing *Burnett*, 85 S. Ct at 1055). Subsequently, relying on *Burnett* and *Jackson*, the Eleventh Circuit in *Booth v. Carnival Corp.*, 522 F.3d 1148 (11th Cir. 2008), upheld equitable tolling of a wrongful death statute of limitations where the plaintiff had filed the initial timely action in the wrong forum.

plaintiff's pursuit of his claim and that the defendant had timely appeared to challenge that action (just as happened here in the South Carolina Action). *Id.*

In determining whether to apply equitable tolling, "the basic inquiry is whether congressional purpose is effectuated by tolling the statute of limitations in given circumstances." *Burnett*, 380 U.S. at 427. In determining congressional intent, a court "examine[s] the purposes and policies underlying the limitation provision, the Act itself, and the remedial scheme developed for the enforcement of the rights given by the Act." *Id.*

## A.  THE PURPOSES AND POLICIES UNDERLYING THE FLSA

The first step of the inquiry is an examination of the purposes and policies underlying the limitations provision. As *Burnett* explains, statutes of limitations protect defendants by preventing surprises and preserving evidence. 380 U.S. at 428. Limitations provisions also relieve the courts "of the burden of trying stale claims when a plaintiff has slept on his rights." *Id.*

The limitations provision at issue here was not part of the FLSA as enacted in 1938, but was enacted in the Portal–to–Portal Act in 1947. *Hodgson v. Humphries*, 454 F.2d 1279, 1284 (10th Cir. 1972). The Congress's express purpose in adopting the limitations period at issue "was to substitute a uniform federal limitations period for the diverse periods provided under statutes of the several States." *Id.* (citing 29 U.S.C. § 251).

30

The second step of *Burnett's* inquiry requires an examination of the statute at issue. The FLSA is "remedial and humanitarian in purpose." *Tennessee Coal, Iron & R. Co. v. Muscoda Loc. No. 123*, 321 U.S. 590, 597 (1944). "The legislative history of the Fair Labor Standards Act shows an intent on the part of Congress to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–707 (1945) (citing H. Rep. No. 2738, 75th Cong., 3d Sess., pp. 1, 13, 21 and 28). In actions involving the FLSA:

> [w]e are not here dealing with mere chattels or articles of trade but with the rights of those who toil, of those who sacrifice a full measure of their freedom and talents to the use and profit of others. Those are the rights that Congress has specifically legislated to protect. Such a statute must not be interpreted or applied in a narrow, grudging manner.

*Tennessee Coal, Iron & R. Co.*, 321 U.S. at 597 (1944). The rights that Wright seeks to enforce are precisely those the FLSA was enacted to protect.

Equitable tolling is appropriate here because tolling "is fully 'consistent with the overall congressional purpose' and is 'nowhere eschewed by Congress.'" *Bowen v. City of New York*, 476 U.S. 467, 480 (1986) (applying equitable tolling to the Social Security Act which was "designed to be 'unusually protective' of claimants").

31

**B.** **THE REMEDIAL SCHEME FOR THE ENFORCEMENT OF THE RIGHTS GIVEN BY THE FLSA**

The final step of the inquiry is an examination of the remedial scheme developed for the enforcement of the rights given by the FLSA. The FLSA contains multiple methods of enforcement, including: private actions suits for unpaid overtime compensation, liquidated damages, and legal or equitable relief appropriate to effectuate the purposes of section 215(a)(3), which prohibits retaliatory discharge; criminal prosecution for willful violations (29 U.S.C. § 216(a)); and enforcement by the Secretary of Labor ("Secretary") (29 U.S.C. § 216(c) or 29 U.S.C. § 217). Section 216(b) also permits an employee to bring an action collectively, for and on behalf of other employees similarly situated.

Because of these provisions in the remedial scheme and the purposes of statutes of limitations, Wright can benefit from the date he originally filed his written consent in the South Carolina Action, although South Carolina was ultimately determined not to have jurisdiction. As in *Burnett*, this tolling "effectuates the basic congressional purposes in enacting this humane and remedial Act, as well as those policies embodied in the Act's limitation provision." *Burnett*, 380 U.S. at 427–28 (applying equitable tolling to action under the Federal Employers' Liability Act).

In this case, the purposes of the FLSA's statute of limitations were served by the filing of the action in South Carolina on October 2, 2017. The commencement

of that action put Appellees on notice of Wright's claims. Appellees have therefore been in a position to determine the subject matter and size of this litigation and have not said—and cannot say—they were taken by surprise.

Particularly given the remedial scheme of the FLSA and the broad enforcement mechanisms provided by Congress, tolling would be appropriate in this case. Wright diligently pressed his claims for unpaid wages before the South Carolina district court. As discussed above, no reasonable argument can be made that the District of South Carolina did not have *subject matter* jurisdiction over Wright's FLSA claims in the South Carolina Action.[16] Accordingly, Wright diligently pursued his FLSA claims against Appellees in a court of competent jurisdiction. *See Lightfoot*, 137 S. Ct. at 561. Despite Wright's diligence, the district court's order eliminates his claims in their entirety, based only on a limitations period which he complied with. This result fails to resolve the parties' claims on the merits as the judicial system is designed to do.

---

[16] 29 U.S.C. § 216(b) specifically gives subject matter jurisdiction to both federal and state courts for FLSA claims. This is important because Eleventh Circuit case law holds that "filing in a court without competent jurisdiction d[oes] not toll the statute of limitations." *Hairston v. Travelers Cas. & Sur. Co*., 232 F.3d 1348, 1353 (11th Cir. 2000) (state court action does not toll claims over which federal courts have exclusive subject matter jurisdiction).

Thus, the purposes of the FLSA's statute of limitations would not be contravened by tolling the statute here. To the contrary, a failure to apply equitable tolling here would allow Appellees to frustrate the objectives of the FLSA merely because of a technical deficiency long ago remedied. As such, well-established and binding Eleventh Circuit and Supreme Court precedent supports Appellant Wright's position that his statute was tolled the day he joined the South Carolina Action.

Case law concerning the equitable tolling of FLSA claims outside the Eleventh Circuit concurs. In *McLeod v. Just Energy Marketing Corp.*, No. 1:15-cv-00368, 2015 WL 5085070 (N.D. Ohio Aug. 27, 2015), the Northern District of Ohio granted the employer's motion to dismiss an FLSA case and dismissed the opt-in plaintiffs. *Id*. at *1. Plaintiffs amended their complaint and added an opt-in plaintiff (Ms. Joiner). *Id.* at *2. The employer argued that Ms. Joiner's statute of limitations should be calculated from when she subsequently joined the action since she had previously been dismissed as an opt-in plaintiff. *Id.* The Northern District of Ohio disagreed, finding that Ms. Joiner diligently pursued her claims and that tolling from the date she originally joined the action was appropriate. The district court noted that even though the "collective action claims were dismissed rather than decertified . . . that does not make a difference in deciding whether Joiner pursued

her claims in this case."[17] *Id.* The district court also rejected any argument that the employer would be prejudiced by any sort of tolling since the employer was aware of Ms. Joiner's claims from the time she joined the action, the employer knew the claims were being pursued as a collective action, and were aware of the "scope of potential liability." *Id.*

For these same reasons, this Court should hold that Wright's statute of limitations was equitably tolled from the date he joined the South Carolina Action. It is undisputed that Wright was originally part of the South Carolina Action, where he also opposed dismissal, and that he has diligently pursued his claims against Appellees for FLSA violations in this Action. Appellees are not prejudiced by such a result as they were aware Wright initiated the South Carolina Action and have been aware of the scope of their liability in the South Carolina Action since Wright originally it filed in October 2017. *See Butler v. Directsat USA, LLC,* 2014 WL 5342729, * 4 (D. Md. Oct. 16, 2014) ("Where Defendants are the same and there is substantial overlap between the claims, tolling is sensible given that the opt-in individual could have initiated his or her own action [a]nd Defendants are not

---

[17] Any argument that other case law supporting tolling is somehow distinguishable because claims in those cases were decertified instead of dismissed is rejected by this holding (as well as common sense). Appellees cannot deny that Appellant Wright has diligently pursued his FLSA claims against them since October 2017.

prejudiced because Defendants were on notice of the potential claims at the point that the individuals opted in.") (internal citations omitted).

Not allowing Wright's consent form in the South Carolina Action to toll his statute of limitations during the period his claims were before the South Carolina District Court would be prejudicial and unjust. *See Stransky v. HealthONE of Denver, Inc.*, 868 F. Supp. 2d 1178, 1181–82 (D. Colo. 2012) ("[A]llowing Opt-in Plaintiffs' claims to diminish or expire due to circumstances beyond their direct control would be particularly unjust.").

Wright had no control over the South Carolina court's decision on the question of personal jurisdiction. The jurisdictional fight in the South Carolina Action was hotly contested and Wright opposed the Appellees' contentions that the court lacked personal jurisdiction over them (and on which the court permitted discovery). *Wright*, 2019 WL 3344040. At all times, however, Wright aggressively and diligently pursued his claims against Appellees.

Indeed, Wright satisfied the diligence standard set by the Supreme Court. To obtain equitable tolling, the U.S. Supreme Court has held that a plaintiff need only have used "reasonable diligence," not "maximum feasible diligence." *Holland v. Florida*, 560 U.S. 631, 653 (2010). Even though Wright could have, in theory, filed a protective suit that would have needlessly multiplied the proceedings (if he prevailed on the hard-fought personal jurisdiction issue in the South Carolina

36

Action), such an action represents maximum feasible diligence not required by the Supreme Court. *See Flores v. Predco Servs. Corp.*, No. 10-1320, 2011 WL 3273573, at *8 n.12 (D.N.J. July 29, 2011) ("Certainly, as this Court has held, filing a protective suit would have been prudent. But the Court does not find that Plaintiff acted unreasonably by not filing a separate action . . . .").

Here, Wright's actions in pursuing the South Carolina Action, then continuing to litigate his claims in Florida for another three (3) years, show reasonable diligence in pursuit of his claims such that equitable tolling is appropriate. At a minimum, the district court erred in entering summary judgment against Wright based on limitations.

## CONCLUSION

For these reasons, this Court should determine statutory and/or equitable tolling applied to preserve Appellant Wright's claims, REVERSE the Order granting Defendants' Motion for Summary Judgment (Doc. 307, Appx. IV p. 975) and Denying Plaintiff's Amended Motion for Partial Summary Judgment (Doc. 309, Appx. V. p. 1054) and REMAND this matter back to the district court for trial on the merits.

Date: September 16, 2022          Respectfully submitted,

s/ *Clif Alexander*

Clif Alexander
Lauren E. Braddy
ANDERSON ALEXANDER, PLLC

And

C. Ryan Morgan
  *Lead Counsel*
Paul Botros
MORGAN & MORGAN, P.A.

*Attorneys for Appellant-Plaintiff*
*Anthony Wright*

38

**CERTIFICATE OF COMPLIANCE WITH THE TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

1.     This document complies with the type-volume limit of FED. R. APP. P. RULE 32(a)(7)(b)(1) because excluding the parts exempted by FED. R. APP. P. 32(f) this document contains 10,881 words, using the Microsoft Word "word count" function.

2.     This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Date: September 16, 2022                    s/ *Lauren Braddy*
                                           Lauren Braddy

39