No. 22-12261
_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

_____

Anthony Wright,

*Plaintiff-Appellant*,

v.

Waste Pro USA, Inc.
and
Waste Pro of Florida, Inc.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Southern District of Florida

No. 0:2019-cv-62051

_____

## APPELLEES' ANSWER BRIEF

_____

<div style="margin-left:40%">

Amy S. Shay
Matthew J. Pearce
Stovash, Case & Tingley, P.A.
The VUE at Lake Eola
220 N. Rosalind Avenue
Orlando, Florida 32801
*Attorney for Appellees*
Waste Pro USA, Inc., and
Waste Pro of Florida, Inc.

</div>

**U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT (CIP)**

Appellees, by counsel and pursuant to 11th Cir. R. 26.1-1(a), certify their list of interested persons as follows:

1.   Amy S. Shay, Counsel for Defendants/Appellees

2.   Anderson Alexander, PLLC, Law Firm for Plaintiff/Appellant

3.   Anthony Wright, Plaintiff/Appellant

4.   Austin W. Anderson, Counsel for Plaintiff/Appellant

5.   C. Ryan Morgan, Counsel for Plaintiff/Appellant

6.   Paul M. Botros, Counsel for Plaintiff/Appellant

7.   K. Michael Moore, Judge of the United States District Court, Southern District of Florida

8.   Lance D. King, Counsel for Defendants/Appellees

9.   Lauren Braddy, Counsel for Plaintiff/Appellant

10.   Matthew J. Pearce, Counsel for Defendants/Appellees

11.   Morgan & Morgan, P.A., Law Firm for Plaintiff/Appellant

12.   Patrick Hunt, Magistrate Judge of the United States District Court, Southern District of Florida

13.   Robert J. Stovash, Counsel for Defendants/Appellees

14.   Stovash, Case & Tingley, P.A., Law Firm for Defendants/Appellees

15.    Waste Pro of Florida, Inc., Defendant/Appellee

16.    Waste Pro USA, Inc., Defendant/Appellee

17.    William C. Alexander, Counsel for Plaintiff/Appellant

## STATEMENT REGARDING ORAL ARGUMENT

Appellees do not believe that oral argument would assist the Court in resolving the issues raised in this appeal.

# TABLE OF CONTENTS

Certificate of Interested Persons and Corporate Disclosure Statement …..……… ii

Statement Regarding Oral Argument ……………………………………………...iv

Table of Contents ……………………………………………………….…….v

Table of Authorities ……………………………………………..….…….vii

Statement of the Issues …………………………………….…..…..……..1

Statement of the Case …………………………………….…..…...……1

    I.     Relevant Procedural History ……………………………………1

    II.    Standard of Review ……………....….…………………………...5

Summary of the Argument …………..….……………………………..……5

Argument and Authority …..……………………..…………………....…7

    I.     The District Court Correctly Determined that Appellant's
         Claims Is Time-Barred Absent Tolling ………………………….7

    II.    The District Court Correctly Determined that Appellant
         Was Not Entitled to Statutory Tolling…….………………...…….8

         A. The District Court Correctly Found that the FLSA
            Requires the Filing of an Action in a Court of
            Competent Jurisdiction to Toll the Statute of Limitations ………...9

         B. The South Carolina Court Was Not a Court of
            Competent Jurisdiction Because It Lacked Personal
            Jurisdiction Over Appellees ……………………………...………14

         C. Because the South Carolina Court Was Not a Court
            of Competent Jurisdiction, the Filing of the South
            Carolina Action Did Not Toll the Statute of Limitations …………20

D. A Defendant's Ability to Waive Objections to
Personal Jurisdiction Does Not Affect the Competent
Jurisdiction Analysis …………………………………………27

III.    The District Court Correctly Determined That Appellant Did
Not Meet the Strict Requirements for Equitable Tolling ……………31

IV.    Conclusion …………………………………………………………..35

Certificate of Compliance ……………………………………………....…37

## TABLE OF AUTHORITIES

**Cases**

*Abram–Adams v. Citigroup, Inc*., 491 Fed. Appx. 972 (11th Cir. 2012) ...............21

*Bedoya v. Aventura Limousine & Transportation Service, Inc.*, 2012 WL 3962935 (S.D. Fla. Sept. 11, 2012) ....................................................................... 21, 22, 23

*Blackmar v. Guerre*, 342 U.S. 512, 72 S. Ct. 410, 96 L.Ed. 534 (1952)................20

*Blandon v. Waste Pro USA, Inc.*, 6:19-CV-2420-WWB-GJK, 2021 WL 7441945 (M.D. Fla. Dec. 15, 2021) ....................................................................................23

*Blandon v. Waste Pro USA, Inc.*, 6:19-CV-2420-WWB-GJK, 2022 WL 336824 (M.D. Fla. Feb. 4, 2022)................................................................................ 23, 24

*Booth v. Carnival Corp.*, 522 F.3d 1148 (11th Cir. 2008) ........... 3, 8, 12, 16, 17, 18

*Burnett v. New York Cent. R. Co.*, 380 U.S. 424 (1965) ........................... 11, 28, 29

*Cabello v. Fernandez–Larios,* 402 F.3d 1148 (11th Cir. 2005) ...............................5

*Dade Cnty. v. Rohr Indus., Inc*., 826 F.2d 983 (11th Cir.1987) .............................21

*Drake v. Whaley*, 355 Appx. 315 (11th Cir. 2009)..............................................8, 18

*Durr v. Shinseki*, 638 F.3d 1342 (11th Cir. 2011) ...................................................12

*Ellis v. General Motors Acceptance Corp*., 160 F.3d 703 (11th Cir. 1998)...........32

*Garcia v. Crossmark, Inc.*, No. CV 13-693 MV/LAM, 2014 WL 12482623 (D.N.M. Jan. 29, 2014)...................................................................................................26

*Gundy v. United States*, 139 S. Ct. 2116 (2019).....................................................11

*Hairston v. Travelers Cas. & Sur. Co.*, 232 F.3d 1348 (11th Cir. 2000) ............8, 12

*Harty v. Ehden, N.V.*, 2012 WL 2312044 (S.D. Fla. June 18, 2012) .......................8

*Hodges v. Illinois Bell Telephone Company*, 2015 WL 6407757 (N.D. Ill. Oct. 21, 2015) ...................................................................................................... 25, 26

*Howell v. Crosby*, 415 F.3d 1250 (11th Cir. 2005) .............................................5, 34

*In re Atlas Roofing Corp. Chalet Shingle Products Liab. Litig.*, 1:13-MD-2495-TWT, 2018 WL 3497153 (N.D. Ga. July 20, 2018) ............................................14

*In re Palermo*, 739 F.3d 99 (2d Cir. 2014) ..............................................................22

*In re Tyson Foods, Inc.*, No. 4:07-MD-1854, 2008 WL 4613654 (M.D. Ga. Oct. 15, 2008) ................................................................................................... 24, 25, 33

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990)..........................................32

*Jackson v. Astrue*, 506 F.3d 1349 (11th Cir. 2007) .................................... 18, 32, 35

*Jones v. Dillard's, Inc.*, 331 F.3d 1259 (11th Cir. 2003)...........................................5

*Justice v. United States,* 6 F.3d 1474 (11th Cir.1993) .............................................21

*Kieser v. Sec'y of Navy*, 868 F.2d 1277 (Fed. Cir. 1989)........................................14

*Lightfoot v. Cendant Mortg. Corp.*, 131 S. Ct. 553 (2017) ......... 4, 8, 15, 16, 19, 20

*Lozano v. Montoya Alvarez*, 134 572 U.S. 1 (2014).................................................11

*Mazzula v. Am. Strategic Ins. Corp.*, No. 2019-CV-215-FTM-SPC-NPM, 2021 WL 252295 (M.D. Fla. Jan. 26, 2021)..........................................................................18

*McLaughlin v. Boston Harbor Cruises, LLC*, No. 06-11200-GAO, 2009 WL 890101 (D. Mass. March 31, 2009).....................................................................................27

*Merriken v. Am. Mar. Officers Vacation Plan*, No. 08-60687-CIVJORDAN, 2008 WL 4899126 (S.D. Fla. Sept. 29, 2008)................................................................18

*Mickles v. Country Club Inc.*, 887 F.3d 1270 (11th Cir. 2018)............................3, 8

*Miller v. Georgia,* 223 Fed. Appx. 842 (11th Cir.2007) .........................................20

*Monrouzeau v. Asociacion Del Hosp. Del Maestro, Inc.*, 153 Fed. Appx. 7 (1st Cir. 2005).......................................................................................................................13

*Monrouzeau v. Asociacion del Maestro*, 354 F. Supp. 2d 115 (D.P.R. 2005) ........13

viii

*Orduna v. Chamoin Drywall, Inc.*, No. 2:12-cv-1144-LDG-VCF, 2013 WL 1249586 (D. Nev. March 26, 2013) ...................................................................................27

*Reed v. Starbucks Coffee Co.*, No. 09-60073-CIV, 2009 WL 10668193 (S.D. Fla. Apr. 24, 2009)...................................................................................................7

*Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999) .........................................30

*Rutledge v. NCL (Bahamas) Ltd.*, No. 08-21412-CIV, 2009 WL 10669945 (S.D. Fla. Mar. 25, 2009) .............................................................................................31

*Sandvik v. United States*, 177 F.3d 1269 (11th Cir. 1999) ........................... 4, 32, 35

*Stearns v. Crossmark, Inc.*, No. 3:13 CV-01081 (JCH), 2014 WL 12871020 (D. Conn. June 24, 2014).........................................................................................26

*Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000) ............................................... 32, 35

*Stein v. Reynolds Secs., Inc.,* 667 F.2d 33 (11th Cir.1982)......................................21

*U.S. v. Segarra*, 582 F.3d 1269 (11th Cir. 2009).......................................................5

*United States v. Morton*, 467 U.S. 822, 104 S. Ct. 2769, 81 L.E.2d 680 (1984) ....19

*Vogel v. Linde*, 23 F.3d 78 (4th Cir. 1994) ..............................................................14

*Wang v. Palmisano*, 51 F. Supp. 3d 521 (S.D.N.Y. 2014) ......................... 21, 22, 23

**Statutes**

28 U.S.C. § 1406(a) ...................................................................................................29

28 U.S.C. § 216(b) .....................................................................................................11

28 U.S.C. § 256(a) .....................................................................................................10

29 U.S.C. § 255.........................................................................................................23

29 U.S.C. § 255(a) .......................................................................................................7

29 U.S.C. § 256.............................................................................................. 7, 11, 23

29 U.S.C. 216(b) ........................................................................................................12

**Rules**

Fed. R. Civ. P. 12(b)(1) and (2) .................................................................15

## STATEMENT OF THE ISSUES

1.      Whether the District Court correctly determined that an FLSA action must be filed in a "court of competent jurisdiction" to toll the statute of limitations.

2.      Whether the District Court properly ruled that statutory tolling did not apply to Appellant's claims in South Carolina that were dismissed without prejudice for lack of personal jurisdiction.

3.      Whether the District Court appropriately decided that equitable tolling of Plaintiff's claims was not warranted.

## STATEMENT OF THE CASE

### I.      Relevant Procedural History[1]

Appellant initially filed his Complaint and Notice of Consent against Appellees in the United States District Court for the District of South Carolina, asserting claims on behalf of himself and a proposed collective under the Fair Labor Standard Act, 29 U.S.C. § 201, *et seq.* ("FLSA").  *See Wright et al. v. Waste Pro USA, Inc., et al.*, Case No. 2:17-cv-02654-DCN (D.S.C. Oct. 2, 2017) (the "South Carolina Action") Appx. V p. 1; Supp. Appx. I, p. 1.[2]  The lawsuit was filed in South Carolina despite Appellant never working in South Carolina.  *See* ECF No.

---

[1]      Appellees limit their Statement of the Case to those facts and procedural issues that were omitted from the Statement of the Case by Appellant.

[2]      In its Summary Judgment Order, the District Court took judicial notice of the relevant filings in the South Carolina Action, pursuant to Federal Rule of Evidence 201.  *See* ECF No. 321, p. 2 fn. 4; Appx. V p. 1163.

226-1, 12:3-12; Appx. III p. 742. Indeed, neither Appellant nor Appellees had any geographical or physical connection to the forum chosen by Appellant. *See* ECF No. 321, p. 19; Appx. V p. 1180. On December 20, 2017, Appellees moved to dismiss the claims brought against them for lack of personal jurisdiction. *See* Supp. Appx. I, pp. 38, 66.

Appellant waited until December 18, 2018 – after the statute of limitations for his claims expired – to move to sever his claims against Appellees and transfer them to Florida. *See* Supp. Appx. 88. He never moved for equitable tolling of his claims while they were pending in South Carolina, even as the statute of limitations deadline came and went. *See* Supp. Appx. I p. 150. He also never voluntarily dismissed his claims, instead choosing to participate in jurisdictional discovery and supplemental briefing. *See* ECF No 321, p. 16; Appx. V p. 1177; Supp. Appx. I p. 155.

Ultimately, Appellant's claims against Appellees in the South Carolina Action were dismissed for lack of personal jurisdiction. *See* Supp. Appx. I p. 150. In so doing, the South Carolina "court declined to enter an order granting the motion to sever and transfer, preferring instead to reach a decision on the merits of the motions to dismiss for lack of personal jurisdiction." *See* Supp. Appx. I p. 184.

On August 15, 2019, Appellant filed the action in the Southern District of Florida giving rise to his appeal here. *See* ECF No. 1; Appx. I p. 185. He filed his Notice of Consent on August 27, 2019. *See* ECF No. 9-1, p. 9; Appx. II p. 323.

There is no dispute that the claims of Appellant are time-barred absent statutory or equitable tolling.  *See* Opening Brief, p. 13.

In his Complaint, Appellant indicated that he intended to seek equitable tolling. *See* ECF No. 1, p. 3 at n.1.; Appx. I p. 187.  Appellant, however, did not request equitable tolling until moving for summary judgment. *See* ECF No. 309, pp. 15-18; Supp. Appx. II pp. 291-294. In his summary judgment motion, Appellant also contended that his action "commenced" for statute of limitations purposes upon the filing of the South Carolina Action, and thus was not time-barred.  *See* ECF No. 309, pp. 12-14; Supp. Appx. II pp. 288-290.  Appellees also moved for summary judgment based upon, *inter alia*, the statute of limitations. The District Court's analysis of whether the statute of limitations was tolled involved consideration of both statutory and equitable tolling.

As to statutory tolling, the District Court first recognized this Court's holding that "FLSA plaintiffs 'are entitled to statutory tolling of their claims beginning on the dates they filed their written consents.'" *See* ECF No. 321, p. 8; Appx. V p. 1169 (quoting *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1281 (11th Cir. 2018)). The District Court then noted that "the Eleventh Circuit has also recognized the 'well-settled principle that filing in a court *without competent jurisdiction* does not toll the statute of limitation.'" *Id.* (quoting *Booth v. Carnival Corp.*, 522 F.3d 1148, 1152 (11th Cir. 2008 (emphasis in *Booth*)).

3

The District Court then turned to the question of what constitutes a "court of competent jurisdiction." *Id.* Relying upon a United States Supreme Court decision, the District Court found that "[f]or a court to be deemed one of competent jurisdiction, 'it must have the power to decide the claim before it (subject matter jurisdiction) and power over the parties before it (personal jurisdiction)[.]'" *Id.* (quoting *Lightfoot v. Cendant Mortg. Corp.*, 131 S. Ct. 553, 562 (2017)). The District Court then determined that "[b]ecause the South Carolina court lacked personal jurisdiction over [Appellees], it was not a court of competent jurisdiction." *See* ECF No. 321, p. 12; Appx. V p. 1173. Finally, the District Court concluded that because the South Carolina court was not a court of competent jurisdiction, Appellant's "participation in the South Carolina action did not toll the statute of limitations under § 255." *Id.*

The District Court then considered whether to equitably toll Appellant's claims. *See* ECF No. 321, at p. 17; Appx. V p. 1178. The District Court noted that "equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are *both* beyond his control and unavoidable even with diligence." *See* ECF No. 321, at p. 18; Appx. V p. 1179 (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271-1272 (11th Cir. 1999) (emphasis added by the District Court). The District Court described Appellant's decisions and action that were within his control, including: (1) his decision to file the initial case in a state

4

where he had no connection, (2) his delay in moving to sever and transfer the case until after the statute of limitations expired, despite his knowledge that personal jurisdiction was being challenged, and (3) his failure to seek equitable tolling in the South Carolina action and his substantial delay in seeking it from the District Court. *See* ECF No 321, at pp. 19-20; Appx. V pp. 1180-1181. Given these undisputed facts, the District Court found that Appellant did not meet his burden to justify equitable tolling. *See* ECF No. 321, at p. 20; Appx. V p. 1181. Finding against Appellant on both statutory and equitable tolling, the District Court granted summary judgment in favor of Appellees on the statute of limitations defense. *Id*.

## II.    **Standard of Review**

The Court's review of the District Court's decision to grant summary judgment is *de novo*. *Jones v. Dillard's, Inc.*, 331 F.3d 1259, 1262 (11th Cir. 2003). Appellate "review [of] questions of statutory interpretation [is] *de novo*." *U.S. v. Segarra*, 582 F.3d 1269, 1271 (11th Cir. 2009). "The question of whether equitable tolling applies is a legal one subject to *de novo* review," *Cabello v. Fernandez–Larios,* 402 F.3d 1148, 1153 (11th Cir. 2005). "However, the district court's determinations of the relevant facts will be reversed only if clearly erroneous." *Howell v. Crosby*, 415 F.3d 1250, 1251 (11th Cir. 2005).

## SUMMARY OF ARGUMENT

This Court should affirm the decision of the District Court granting summary judgment in favor of Appellees. The District Court correctly determined that Appellant's claim was barred by the statute of limitations, and that no grounds existed to toll the limitations period.

The District Court was correct in ruling that the limitations period for Appellant's claim was not tolled by the South Carolina Action. As the District Court found, a court must have both subject matter jurisdiction and personal jurisdiction to be a "court of competent jurisdiction." Appellees' argument that only subject matter jurisdiction is required is unsupported by authority and conflicts with the language of the FLSA, as the District Court correctly found. Because the South Carolina court lacked personal jurisdiction over Appellees, it was not a "court of competent jurisdiction," and Appellant's filing of the South Carolina Action did not "commence" an FLSA for statute of limitations purposes.

The District Court was also correct in ruling that Appellant failed to meet his burden of establishing that equitable tolling was warranted. Appellant did not show extraordinary circumstances beyond his control and the requisite level of diligence. As a result, the District Court appropriately declined to equitably toll the statute of limitations. Because Appellant's claims are time-barred, the District Court's grant of summary judgment to Appellees should be affirmed.

6

## ARGUMENT AND AUTHORITY

**I.    The District Court Correctly Determined That Appellant's Claim Is Time-Barred Absent Tolling.**

Claims under the FLSA are subject to a two-year statute of limitations, unless an employer's violations are deemed willful, in which case, a three-year statute of limitations applies.  29 U.S.C. § 255(a). A cause of action under the FLSA accrues at the end of each pay period in which the employer has allegedly failed to pay overtime compensation. *See Reed v. Starbucks Coffee Co.*, No. 09-60073-CIV, 2009 WL 10668193, *1 (S.D. Fla. Apr. 24, 2009).

Under the FLSA, an action commences for purposes of the statute of limitations:

> on the date when the complaint is filed; except that in the case of a collective or class action . . . it shall be considered to be commenced in the case of any individual claimant . . . on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or if such written consent was not so filed or if his name did not so appear--on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. § 256.

Appellant's claim accrued on November 7, 2015, the end of the pay period encompassing Plaintiff's last day of employment at Waste Pro Florida. *See* ECF No. 132-1, ¶ 8; 222-1, ¶ 18.; Supp. Appx. pp. 186-187, 240.  Therefore, the deadline to commence his FLSA action under a three-year statute of limitations was

November 7, 2018. Appellant, however, did not file his Complaint in the action below until August 15, 2019, and he did not file his Consent to Join until August 27, 2019. *See* ECF No. 1, 9-1, p. 9; Appx. I p. 185; Appx. II p. 323. Accordingly, the District Court correctly determined that Appellant's claim was time-barred unless either statutory or equitable tolling applied. *See* ECF No. 321, pp. 5-7; Appx. V pp. 1166-1168.

## II.   The District Court Correctly Determined That Appellant Was Not Entitled to Statutory Tolling

FLSA plaintiffs are "entitled to statutory tolling of their claims beginning on the dates they filed their written consents." *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1281 (11th Cir. 2018). This Court has also recognized, however, the "well-settled principle that filing in a court *without competent jurisdiction* does not toll the statute of limitations." *Booth*, 522 F.3d at 1152; *Hairston v. Travelers Cas. & Sur. Co.*, 232 F.3d 1348, 1363 (11th Cir. 2000). It is also well-established that a court is not a "court of competent jurisdiction" if it lacks personal jurisdiction over a defendant. *Drake v. Whaley*, 355 Appx. 315, *1 (11th Cir. 2009) ("First, because it lacked personal jurisdiction over the Defendants, the District Court for the Eastern District of New York was not a court of competent jurisdiction . . . ."); *Harty v. Ehden, N.V.*, 2012 WL 2312044, *2 (S.D. Fla. June 18, 2012) (defining "venue, subject matter jurisdiction, and personal jurisdiction" as requirements for a "court of competent jurisdiction"); *Lightfoot, supra*, 137 S. Ct. at 562 (2017) (defining a

8

"court of competent jurisdiction" as a court with "the power to decide the claim before it (subject-matter jurisdiction) and power over the parties before it (personal jurisdiction) ….").  The District Court found that Appellant was not entitled to statutory tolling because the South Carolina court was not a "court of competent jurisdiction," and Appellant's filing of the South Carolina Action therefore did not toll the statute of limitations.

In the face of these well-settled principles, Appellant argues that there is actually no requirement that an action be filed in a "court of competent jurisdiction" to toll FLSA's statute of limitations. *See* Opening Brief, pp. 12-13. This argument contravenes this Court's holdings and the language of the FLSA itself.  Appellant next contends that even if there were a requirement that an action be filed in a "court of competent jurisdiction" to toll the statute of limitations, the South Carolina court was such a court.  *See* Opening Brief, pp. 15-17.  According to Appellant, only subject matter jurisdiction is required for a court to have competent jurisdiction, and the South Carolina court's lack of personal jurisdiction is therefore irrelevant. Appellant is wrong on this point as well, as a court must have both subject matter jurisdiction and personal jurisdiction to be a "court of competent jurisdiction."

**A. The District Court Correctly Found that the FLSA Requires the Filing of an Action in a Court of Competent Jurisdiction to Toll the Statute of Limitations.**

Appellant first makes the bold argument that there is no requirement that an FLSA action be filed in a "court of competent jurisdiction" to toll the statute of limitations. *See* Opening Brief, pp. 12-13. According to Appellant, the District Court "judicially insert[ed]" such a requirement into the FLSA. *Id.* Appellant is wrong, as the District Court correctly found that the plain text of the FLSA requires that an action must be filed in a "court of competent jurisdiction" in order to commence an action and toll the statute of limitations. *See* ECF No. 321, pp. 9-11; Appx. V pp. 1170-1172.

As noted above, section 256 of the FLSA provides that an action is commenced for purposes of tolling the statute of limitations "on the date when the complaint is filed, if he is specifically named as a party in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought." 28 U.S.C. § 256(a). Appellant argues that because section 256 only refers to the filing of a complaint and written consent, and does not contain any reference to filing either in a "court of competent jurisdiction," the filing of an action in *any* court commences the action for statute of limitations purposes, regardless of whether that court has *either* subject matter or personal jurisdiction. In other words, according to Appellant, a FLSA plaintiff's filing of an action in a court

10

that plainly lacked any jurisdiction – such as a state small claims court in which the plaintiff's claim exceeded the amount in controversy threshold (lack of subject matter jurisdiction) and which had no contacts with the parties (lack of personal jurisdiction) – would commence an FLSA action and indefinitely toll the statute of limitations.

Appellant's argument is nonsensical and it was correctly rejected by the District Court.  As the District Court recognized, it is true that section 256 does not specifically mention a court of competent jurisdiction when discussing the commencement of an FLSA action.  But section 216 of the FLSA, which provides a right of action under the statute, does specifically require that any such action be brought in a "Federal or State court of competent jurisdiction."  28 U.S.C. § 216(b).

"[W]hether . . . tolling is available is fundamentally a question of statutory intent[.]" *Lozano v. Montoya Alvarez*, 134 572 U.S. 1, 10-11 (2014). "[T]he basic inquiry is whether congressional purpose is effectuated by tolling the statute of limitations in given circumstances." *Burnett*, 380 U.S. at 427. Therefore, a key issue for determination here is whether Congress intended the term "commenced" or "filed" under 29 U.S.C. § 256 to include an action filed in a court lacking competent jurisdiction.

In analyzing this issue, the District Court engaged in a contextual analysis of section 256 in light of section 216's requirement that an action must be brought in a

court of competent jurisdiction. *Gundy v. United States*, 139 S. Ct. 2116, 2126 (2019) (courts must not "construe words in a vacuum . . . It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.") (citations omitted). Section 216(b) provides that FLSA actions "may be maintained against any employer (including a public agency) in any Federal or State *court of competent jurisdiction* by any one or more employees for and in [*sic*] behalf of himself or themselves and other employees similarly situated." 29 U.S.C. 216(b) (emphasis added). Through careful analysis of legal authority and application of logical principles, the District Court correctly interpreted "maintain" to include "commencement" and "filing" of the action under Section 256. *See* ECF NO. 321, pp. 9- 11; Appx. V pp. 1170-1172.

The District Court's conclusion is the only logical one. It would be unwarranted and indeed absurd to conclude that an action that is required to be maintained and/or commenced in a court of competent jurisdiction need *not* be commenced in a court of competent jurisdiction for purposes of tolling the statute of limitations. *See Durr v. Shinseki*, 638 F.3d 1342, 1349 (11th Cir. 2011) ("Because the legislature is presumed to act with sensible and reasonable purpose, a statute should, if at all possible, be read so as to avoid an unjust or absurd conclusion."). And indeed, this Court has held on numerous occasions that "filing in a court without

12

competent jurisdiction d[oes] not toll the statute of limitations." *See, e.g., Hairston v. Travelers Cas. & Sur. Co.*, 232 F.3d 1348, 1363 (11th Cir. 2000); *Booth,* 522 F.3d at 1152 (same). Appellant's strained reading of section 256 provides no basis to depart from this well-established principle in the FLSA context.

Appellant further argues that the purposes and policies underlying the FLSA support his position that a plaintiff need not file in a court of competent jurisdiction to toll the statute of limitations. *See* Opening Brief, p. 30. Appellant contends that the FLSA is "remedial and humanitarian in purpose," and "shows an intent on the part of Congress to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce," and "the rights of those who toil, of those who sacrifice a full measure of their freedom and talents to the use and profit of others. *Id.*, pp. 30-31. These broad purposes and policies provide no support for the *specific* proposition underlying Appellant's argument (*i.e.*, that Congress intended to treat FLSA claims differently than other types of claims with respect to the competent jurisdiction requirement for tolling the limitations period). The FLSA statutes simply do not evidence any such intent.

Importantly, the District Court's opinion is consistent with the principle that "[s]tatute[s] of limitations in federal legislation will be strictly construed." *Monrouzeau v. Asociacion del Maestro*, 354 F. Supp. 2d 115, 118 (D.P.R.

2005), *aff'd sub nom. Monrouzeau v. Asociacion Del Hosp. Del Maestro, Inc.*, 153 Fed. Appx. 7 (1st Cir. 2005). "Hence, tolling or other exceptions thereto will not be allowed unless unequivocally authorized by federal law." *Id.* "The blackletter rule, recognized by the Supreme Court since at least 1883, is that a statute of limitations runs against all persons . . . unless the statute expressly provides otherwise." *Vogel v. Linde*, 23 F.3d 78, 80 (4th Cir. 1994). *See also Kieser v. Sec'y of Navy*, 868 F.2d 1277 (Fed. Cir. 1989) ("The statute of limitations is jurisdictional and must be strictly construed."); *In re Atlas Roofing Corp. Chalet Shingle Products Liab. Litig.*, 1:13-MD-2495-TWT, 2018 WL 3497153, at *4 (N.D. Ga. July 20, 2018) ("exception[s] to the statute of limitations[] should be strictly construed") (citations omitted).

Both this Court's precedent and the language of the FLSA require an action to be brought in a "court of competent jurisdiction" to toll the statute of limitations. Appellant's argument to the contrary lacks any support in the law or the language of the FLSA itself, and was correctly rejected by the District Court.

### B. The South Carolina Court Was Not a Court of Competent Jurisdiction Because It Lacked Personal Jurisdiction Over Appellees.

Perhaps recognizing the frailty of his argument that an FLSA plaintiff need not file an action in a "court of competent jurisdiction" to toll the statute of limitations, Appellant pivots and argues that the South Carolina court was in fact

14

such a court.  Appellant contends that the South Carolina court's lack of personal jurisdiction over his claims and Appellees is irrelevant, as a court must only have subject matter jurisdiction to be a court of competent jurisdiction.  Appellant is wrong.

As an initial matter, had Congress intended for the phrase "court of competent jurisdiction" in section 216 of the FLSA to mean simply a court with subject matter jurisdiction, there would have been no reason to use that phrase at all.  Instead, Congress would have written section 216 to only require the filing of an action in a court with "subject matter jurisdiction."  Congress plainly understands the concept of subject matter jurisdiction, and its distinction from personal jurisdiction, as it frequently delineates between them in statutes and in the Rules of Civil Procedure. *See e.g.,* Fed. R. Civ. P. 12(b)(1) and (2) (providing separate defenses for "lack of subject-matter jurisdiction" and "lack of personal jurisdiction.")  By using the phrase "court of competent jurisdiction," rather than "court with subject matter jurisdiction," Congress plainly intended for "competent jurisdiction" to mean something more than just "subject matter jurisdiction."

In addition, both this Court and the United States Supreme Court have recognized that competent jurisdiction has two components: subject matter jurisdiction and personal jurisdiction. *See Lightfoot*, 137 S. Ct. at 562; *Drake*, 355 Appx. 315, *1; *see also Harty*, 2012 WL 2312044.  Despite this precedent, Appellant

15

argues that a court of competent jurisdiction means a court having *only* subject matter jurisdiction. *See* Opening Brief, pp. 16-21.  Appellant relies upon both this Court's decision in *Booth* and the Supreme Court's decision in *Lightfoot*, neither of which support his argument.

In *Booth*, the plaintiff first filed a wrongful death lawsuit against Carnival Corporation in state court in Miami-Dade County prior to the expiration of a one-year contractual limitation period.  522 F.3d at 1149.  While the state court action was pending but after the contractual limitation period had run, the plaintiff filed a second identical action against Carnival in federal court in the Southern District of Florida.  *Id.* at 1150.  The state court case was later dismissed for improper venue. *Id.*  Carnival then moved to dismiss the federal court action on statute of limitations grounds.  *Id.*  The federal district court denied Carnival's motion to dismiss, finding that the contractual limitations period was subject to equitable tolling.  *Id.*  On appeal, this Court affirmed, finding that "[b]ecause the state court possessed subject matter jurisdiction over Booth's claim, and because the state court dismissed the claim merely on grounds of improper venue, we hold that Booth's filing and diligent prosecution of his state-court action suffices to equitably toll the contractual limitation period in his identical federal lawsuit."  *Id.*

Appellant argues that this Court's noting in *Booth* that the state court had subject matter jurisdiction over the plaintiff's claim is equivalent to a holding that

only subject matter jurisdiction is required for a court to have competent jurisdiction. *See* Opening Brief, pp. 20-21. Appellant, however, reads too much into that language and this Court did not find as much in *Booth*.

In *Booth*, Carnival did not challenge the state court's personal jurisdiction over it; nor does it appear to have had a basis to do so. The federal action was filed in the Miami Division of the Southern District of Florida – which includes Miami-Dade County where the state court action was filed – and Carnival also did not seek to dismiss the federal action for lack of personal jurisdiction. *See* Case No. 05-23341-CIV-HUCK, ECF No. 4. In any event, because Carnival did not object to the state court's personal jurisdiction over it, this Court only considered whether the state court had subject matter jurisdiction. *Id.* at 1150. The *Booth* court did *not* find, however, that a court of competent jurisdiction must *only* have subject matter jurisdiction, and its analysis likely would have been different if the personal jurisdiction of the state court had been in question. Here, there is no dispute that the South Carolina court lacked personal jurisdiction over Appellees, and *Booth* does not support Appellant's argument that only subject matter jurisdiction is required for competent jurisdiction.[3]

---

[3] The *Booth* court's analysis and holding was also limited to the question of whether the contractual limitations period should be equitably tolled, and statutory tolling was not at issue. As discussed in Section III below, the District Court correctly found that Appellant did not meet his burden of establishing equitable tolling.

17

As with *Booth*, Appellant also misreads other decisions from this Court and district courts in the Circuit where statutory tolling was denied due to a lack of subject matter jurisdiction. *See* Opening Brief, p. 22 (citing *Merriken v. Am. Mar. Officers Vacation Plan*, No. 08-60687-CIVJORDAN, 2008 WL 4899126, at *3 (S.D. Fla. Sept. 29, 2008); *Jackson v. Astrue*, 506 F.3d 1349, 1358 (11th Cir. 2007); *Mazzula v. Am. Strategic Ins. Corp.*, No. 2019-CV-215-FTM-SPC-NPM, 2021 WL 252295, at *3 (M.D. Fla. Jan. 26, 2021)). Appellant suggests that because statutory tolling was denied in those cases due to lack of subject matter jurisdiction, that means that only subject matter jurisdiction is required for statutory tolling. But of course, correlation does not always imply causation. The denial of statutory tolling on the basis of lack of subject matter jurisdiction does not mean that subject matter jurisdiction is the *only* requirement for statutory tolling. Certainly, subject matter jurisdiction is one component of competent jurisdiction, but none of the cases cited by Appellant hold or suggest that it is the only requirement. Further, this Court has made clear that personal jurisdiction *is* required for competent jurisdiction. *See Drake*, 355 F. App'x at 317 ("First, because it lacked personal jurisdiction over the Defendants, the District Court for the Eastern District of New York was not a competent court of jurisdiction").

Appellant also errs in arguing that the Supreme Court's decision in *Lightfoot* supports his position that only subject matter jurisdiction is required for a court to

be one of competent jurisdiction. The issue in *Lightfoot* was whether a clause in Fannie Mae's corporate charter authorizing Fannie Mae "to sue or be sued . . . in any court of competent jurisdiction, State of Federal" conferred subject matter jurisdiction on federal district courts over all cases involving Fannie Mae. 580 U.S. at 556. The Supreme Court held that it does not. *Id.* at 560-562.

Fannie Mae argued in *Lightfoot* that a "court of competent jurisdiction" might include only a court with personal jurisdiction over the parties. *Id.* at 562. In other words, Fannie Mae's argument was the converse to Appellant's argument here that a "court of competent jurisdiction" need only have subject matter jurisdiction. *Id.* The Supreme Court rejected Fannie Mae's argument, noting that a court must have both subject matter jurisdiction and personal jurisdiction over the parties "before it can resolve a case." *Id.*

Appellant seizes on language from *Lightfoot* in which the Supreme Court acknowledged that the phrase "court of competent jurisdiction" has been used at times to refer to a court with subject matter jurisdiction. *Id.* at 562. The *Lightfoot* court went on to note, however, that it has "also been used on occasion to refer to a court's jurisdiction over the defendant's person." *Id.* (citing *United States v. Morton*, 467 U.S. 822, 828, 104 S. Ct. 2769, 81 L.E.2d 680 (1984) and *Blackmar v. Guerre*, 342 U.S. 512, 516, 72 S. Ct. 410, 96 L.Ed. 534 (1952)). The *Lightfoot* court found that Fannie Mae read too much into those references, and that "[a]t most then, this

point might support reading the phrase to refer to both subject-matter and personal jurisdiction." *Id.* Neither the Supreme Court nor this Court has ever held that a court of competent jurisdiction need only possess subject matter jurisdiction, and the Supreme Court certainly did not do so in *Lightfoot*. To the extent that the *Lightfoot* Court emphasized the importance of subject matter jurisdiction, it did so in response to Fannie Mae's argument that personal jurisdiction alone is sufficient to establish competent jurisdiction.

### C. Because the South Carolina Court Was Not a Court of Competent Jurisdiction, the Filing of the South Carolina Action Did Not Toll the Statute of Limitations.

The District Court also correctly found that because the South Carolina court lacked competent jurisdiction, "the dismissal of [Appellee's] claims in that action without prejudice had the effect of placing the parties in a position as if [Appellee's] suit had never been filed." *See* Doc. 321, p. 17; Appx. V p. 1178 (citation omitted.) Accordingly, Appellant's action did not commence until he filed his consent in the Florida District Court, which he did after the expiration of the limitations period. *Id.*

This Court has held that "the filing of a complaint that is later dismissed without prejudice does not automatically toll the limitations period for a future complaint." *Miller v. Georgia,* 223 Fed. Appx. 842, 845 (11th Cir.2007). *See also Stein v. Reynolds Secs., Inc.,* 667 F.2d 33, 34 (11th Cir.1982) ("The fact that dismissal of an earlier suit was without prejudice does not authorize a subsequent

suit brought outside of the otherwise binding period of limitations."); *Justice v. United States,* 6 F.3d 1474, 1479 (11th Cir.1993) (same). Similarly, this Court has recognized that a complaint filed outside the limitations period does not "relate back" to a previously dismissed complaint for statute of limitations purposes. *See Abram–Adams v. Citigroup, Inc.*, 491 Fed. Appx. 972, 975 (11th Cir. 2012); *Dade Cnty. v. Rohr Indus., Inc.*, 826 F.2d 983, 989 (11th Cir.1987). Rather, "the earlier dismissal [has] the effect of placing the parties in a position as if the suit had never been filed." *Id.*

These principles were applied to bar FLSA claims in the cases of *Wang v. Palmisano*, 51 F. Supp. 3d 521 (S.D.N.Y. 2014) and *Bedoya v. Aventura Limousine & Transportation Service, Inc.*, 2012 WL 3962935 (S.D. Fla. Sept. 11, 2012). The District Court correctly determined that *Wang* and *Bedoya* are more relevant and instructive than cases identified by Appellant. *See* ECF No. 321, p. 16; Appx. V p. 1177.

In *Wang*, the plaintiff brought claims against his former employer under the FLSA and Massachusetts state law in state and federal courts in Massachusetts. *Id.* at 526-28. Each court determined that they lacked personal jurisdiction over the defendants and dismissed each case without prejudice. *Id.* The plaintiff then sued his former employer in the Southern District of New York, outside of the FLSA statute of limitations period. *Id.* at 527-28.

21

In order to avoid dismissal on statute of limitations grounds, the *Wang* plaintiff argued (as Appellant does here) that the statute of limitations was tolled during the pendency of the prior actions in Massachusetts. *Id.* at 531-32. The *Wang* court rejected that argument, finding that because both the previous state and federal actions were dismissed without prejudice on personal jurisdiction grounds, the statute of limitations was not tolled for the plaintiff's FLSA claims. *Id.* at 532. The *Wang* court stated that "when calculating limitations for federal claims, 'a suit dismissed without prejudice . . . is treated for statute of limitations purposes as if it had never been filed.'" *Id.* (quoting *In re Palermo*, 739 F.3d 99, 105 (2d Cir. 2014)).

The *Bedoya* court reached a similar conclusion in the context of a plaintiff's voluntary dismissal of his FLSA action. *See Bedoya*, 2012 WL 3962935. In *Bedoya*, the plaintiff initially filed an action in state court, which he then voluntarily dismissed. *Id.* at *4. The plaintiff then filed an FLSA action in federal court in the Southern District of Florida, outside of the statute of limitations period. *Id.* The plaintiff contended that the date of filing of his original lawsuit in state court should be considered the date that he "commenced" his FLSA action for statute of limitations purposes. *Id.* The *Bedoya* court disagreed and found that "[t]he voluntary dismissal of the claim 'has the effect of playing the parties in a position as if the suit had never been filed.'" *Id.* (quoting *Rohr Indus., Inc.*, 826 F.2d at 989). The court

further found that the relevant date was the date on which the plaintiff filed his federal court action, which was filed outside of the limitations period. *Id.*

Under both *Wang* and *Bedoy*a, the filing of an FLSA action that is dismissed without prejudice (either by the Court, as in *Wang*, or by the plaintiff voluntarily, as in *Bedoya*) does not "commence" for statute of limitations purposes. *Wang*, 51 F. Supp. 3d at 532; *Bedoy*a, 2012 WL 3962935, *4. Similarly, Appellant's filing of the South Carolina Action did not commence his FLSA action against Appellees for purposes of 29 U.S.C. § 256 because that case was dismissed without prejudice for lack of personal jurisdiction. Appellant's FLSA action did not commence until he filed this action, and he did so outside of the statute of limitations set forth in 29 U.S.C. § 255.

The authority cited by Appellant is inapposite and do not support his statutory tolling argument. For example, Appellant places much emphasis on a ruling from the Middle District of Florida, *Blandon v. Waste Pro USA, Inc.*, 6:19-CV-2420-WWB-GJK, 2021 WL 7441945, at *1 (M.D. Fla. Dec. 15, 2021), *report and recommendation adopted,* 6:19-CV-2420-WWB-GJK, 2022 WL 336824 (M.D. Fla. Feb. 4, 2022). This decision is not persuasive, as the District Court determined.

The District Court correctly pointed out that, unlike in the instant action, the defendant in *Blandon* "[did] not argue that this action was not commenced in South

23

Carolina." *Id.* at *9. As such, the *Blandon* court did not perform the analysis performed by the District Court related to statutory tolling.

Further, the *Blandon* court merely held that "Defendant fail[ed] to meet its burden of demonstrating that . . . it is entitled to judgment as a matter of law that [plaintiff's] claim is time-barred." *Id.* As the District Court aptly pointed out, "[f]inding that the defendant had not met its burden in moving for summary judgment is not the same as finding that statutory tolling applies as a matter of law." *See* ECF No. 321, p. 11; Appx. V p. 1172.

Appellant's reliance on *In re Tyson Foods, Inc.*, No. 4:07-MD-1854, 2008 WL 4613654 (M.D. Ga. Oct. 15, 2008) is also misplaced. In that multidistrict litigation proceeding, the court considered the effect of the filing of consent forms in an earlier action against the defendant, *Fox v. Tyson Foods*. In *Fox*, a group of plaintiffs sought to represent a nationwide FLSA collective involving employees at more than fifty plants. *Id.*, *1. The *Fox* court, however, denied the plaintiffs' motion for conditional certification. *Id.* The *Fox* court also severed the actions of the named plaintiffs who worked at plants outside of Alabama, and transferred those actions to the jurisdictions where their claims arose. *Id.* Finally, the *Fox* court dismissed without prejudice the claims of the opt-in plaintiffs, effective four (4) months after the dismissal order, giving each of them the time and opportunity to file their own action in the appropriate forum." *Id.*

24

Regarding statutory tolling, the *In re Tyson Foods* MDL court found that the consent forms filed in the *Fox* action would carry over to the actions that were severed and transferred to other jurisdictions. *Id.*, *4. Regarding the claims of the plaintiffs whose actions were dismissed, rather than transferred, the court found that the statute of limitations would be tolled for four months after the *Fox* court's dismissal order, given that the order expressly tolled the limitations period for that amount of time. *Id.*, *5.

*In re Tyson Foods* is distinguishable for several reasons. First, in the South Carolina Action, Appellant moved to sever and transfer his claims to the Southern District of Florida. *See* Supp. Appx. p. 88. The South Carolina court declined Appellant's transfer request, and instead dismissed his claims for lack of personal jurisdiction. *See* Supp. Appx. p. 150. The court's finding in *In re Tyson Foods* that consent forms filed in an action that is subsequently severed and transferred relate back to the original filing therefore has no bearing on Appellant's case. Second, the order dismissing the South Carolina Action did not provide for any tolling of the statute of limitations, also contrary to *In re Tyson Foods*. Appellant did not appeal the South Carolina court's dismissal order, including the denial of his transfer request or the lack of any tolling of the statute of limitations.

Appellant also errs in relying on *Hodges v. Illinois Bell Telephone Company*, 2015 WL 6407757, at *3 (N.D. Ill. Oct. 21, 2015). In *Hodges*, the plaintiffs filed a

collective action that was later decertified, and then a second action that was dismissed for misjoinder, before filing their claims again. The *Hodges* court denied the defendant's motion to dismiss on statute of limitations grounds, finding that the *Hodges* complaint related back to the initial decertified action. Importantly, the initial decertified action was not filed in a court lacking competent jurisdiction. The District Court also correctly distinguished *Hodges* on two other grounds. *See* ECF No. 321, pp. 14-15; Appx. V pp. 1175-1176. First, unlike in *Hodges*, Appellant was a named plaintiff in the South Carolina Action and was dismissed *before* a motion to conditionally certify the collective action was filed. Second, the plaintiff in *Hodges* had twice requested and obtained equitable tolling, whereas Appellant never requested equitable tolling in the South Carolina Action, and only requested it in the instant action at the summary judgment stage.

The District Court similarly distinguished two other cases relied upon by Appellant, *Garcia v. Crossmark, Inc.*, No. CV 13-693 MV/LAM, 2014 WL 12482623 (D.N.M. Jan. 29, 2014) and *Stearns v. Crossmark, Inc.*, No. 3:13 CV-01081 (JCH), 2014 WL 12871020 (D. Conn. June 24, 2014). *See* ECF No. 321, p. 15; Appx. V p. 1176. Once again, there was no issue in those cases as to whether the original court was a court of competent jurisdiction. Instead, *Garcia* and *Stearns* involved FLSA actions that were transferred to different federal courts because of improper venue. Equally inapplicable are two additional cases cited by Appellant

in his Opening Brief, *Orduna v. Chamoin Drywall, Inc.*, No. 2:12-cv-1144-LDG-VCF, 2013 WL 1249586 (D. Nev. March 26, 2013) and *McLaughlin v. Boston Harbor Cruises, LLC*, No. 06-11200-GAO, 2009 WL 890101 (D. Mass. March 31, 2009). Again, neither case addresses the present situation where an FLSA action is filed in a court lacking competent jurisdiction and later dismissed.

In sum, the District Court correctly concluded that the cases cited by Plaintiff do not "adequately address the issue before the Court: whether a named plaintiff who does not commence his FLSA action in a court of competent jurisdiction—and whose claims are subsequently dismissed without prejudice on personal jurisdiction grounds—is entitled to statutory tolling of his claims." *See* ECF No. 321, pp. 15-16; Appx. V pp. 1176-1177.  As none of these cases provide a basis to reverse the District Court's summary judgment ruling, it should be affirmed.

### D. A Defendant's Ability to Waive Objections to Personal Jurisdiction Does Not Affect the Competent Jurisdiction Analysis.

Appellant makes the somewhat tortured argument that "the concept of waiver supports determination that a court of 'competent jurisdiction' is synonymous with a court with subject matter jurisdiction." *See* Opening Brief, p. 18.  Appellant argues that because personal jurisdiction may be waived by a defendant, but subject matter jurisdiction cannot be waived or conferred by the parties, personal jurisdiction is not a requirement for a court of competent jurisdiction.  The cases cited by Appellant do

not support his argument, as the District Court found. *See* ECF No. 321, pp. 17-18, fn. 6; Appx. V pp. 1178-1179.

For example, Appellant cites *Burnett v. New York Cent. R. Co.*, 380 U.S. 424 (1965), which dealt with tolling of the statute of limitations for actions under the Federal Employers' Liability Act (FELA). In *Burnett*, the plaintiff sued his former employer in Ohio under the FELA. *Id.* at 424. Although the Ohio court had personal and subject matter jurisdiction, the plaintiff's claim was dismissed for improper venue. *Id.* at 425. The plaintiff then filed a second action against his employer in federal court in the Southern District of Ohio. *Id.* Although the plaintiff's original state court action was filed within FELA's three-year limitations period, the federal action was filed after the expiration of the statute of limitations. The federal court dismissed the action on statute of limitations grounds and the Sixth Circuit affirmed.

On appeal, the Supreme Court reversed, finding that under the circumstances of the case and the legislative history of the FELA, the plaintiff's filing of an action in state court tolled the statute of limitations. None of those circumstances, however, support the tolling of Appellant's FLSA claims here. First, the *Burnett* Court noted that the plaintiff "brought an action within the statutory period in the *state court of competent jurisdiction*." *Id.* at 429 (emphasis added). Appellant did not do so here, and instead chose to bring an action in a court that lacked personal jurisdiction over his claims and Appellees.

28

Second, the *Burnett* Court noted that "[w]hile venue was improper in the state court, under Ohio law venue objections may be waived by the defendant, and evidently in past cases defendant railroads, including this respondent, had waived objections to venue so that suits by nonresidents of Ohio could proceed in state court." *Id.* This factor is also not present here, as Appellant has provided no evidence of any practice by FLSA defendants waiving objections to lack of personal jurisdiction, and certainly no evidence of Appellees doing so, such that he was led to believe that he could properly file the South Carolina Action.

The *Burnett* Court also found significant that "[b]oth federal and state jurisdictions have recognized the unfairness of barring a plaintiff's action solely because a prior timely action is dismissed for improper venue after the applicable statute of limitations has run." *Id.* at 430. To avoid this situation, Congress enacted 28 U.S.C. § 1406(a), which allows a district court to transfer a case to its proper venue. *Id.* Upon such a transfer, the relevant date for statute of limitations purposes is the date that the action was originally filed in the improper venue. *Id.*

In this case, however, Appellee requested that the South Carolina Action be transferred to the Southern District of Florida. *See* Supp. Appx. p. 88. The South Carolina court denied that request, and dismissed Appellee's claims instead. *See* Supp. Appx. p. 150. The South Carolina court's dismissal order also did not provide

for the tolling of the statute of limitations for any period of time. *Id.* Appellee did not challenge either finding by appealing the dismissal of the South Carolina Action.

Appellant also cites certain language in the case of *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999), where the Supreme Court discussed the distinction between personal jurisdiction and subject matter jurisdiction, including the fact that personal jurisdiction is waivable, whereas subject matter jurisdiction is not. This distinction is a red herring. Appellant fails to explain why the waivable nature of personal jurisdiction means that it is not a component of "competent jurisdiction." The Supreme Court in *Ruhrgas AG* certainly did not find as much. Instead, the Supreme Court merely explained in *Ruhrgas AG* that because subject matter jurisdiction arises from limits placed on courts by the Constitution and Congress, it must be strictly enforced by courts on their own initiative, and parties cannot expand the scope of a court's subject matter jurisdiction by agreement. 526 U.S. at 584. Because personal jurisdiction, on the other hand, "represents a restriction on judicial power … as a matter of individual liberty … a party may insist that the limitation be observed, or he may forgo that right …." *Id.* Nowhere in *Ruhrgas AG* did the Supreme Court suggest that this distinction between subject matter jurisdiction and personal jurisdiction has any bearing on the question of what constitutes a court of competent jurisdiction.

30

It is indeed true that a party may waive an objection to personal jurisdiction. But what about a party that does not consent to personal jurisdiction and instead raises that defense? If the court granted that party's motion to dismiss for lack of personal jurisdiction, then even Appellant should agree that the court would not have the power to enter a judgment against that party or take any other action against it. That is because a court must have both subject matter jurisdiction and personal jurisdiction to enter a judgment against a party; in other words, it must be a court of competent jurisdiction. The fact that a party can confer personal jurisdiction on a court by consent does not change the principle that both subject matter jurisdiction and personal jurisdiction are needed for a court to be competent to act.

## III.   The District Court Correctly Determined That Appellant Did Not Meet the Strict Requirements for Equitable Tolling.

As discussed above, and as correctly held by the District Court, equitable tolling is not available for claims filed in a court lacking competent jurisdiction. *See* ECF No. 321, p. 19; Appx. V p. 1180 (citing *Rutledge v. NCL (Bahamas) Ltd.*, No. 08-21412-CIV, 2009 WL 10669945, at *1 (S.D. Fla. Mar. 25, 2009) ("If a plaintiff brings an action in a court that lacks competent jurisdiction . . . equitable tolling will not apply")). Because the South Carolina Court was not a "court of competent jurisdiction," Appellant is not entitled to equitable tolling through his filing there.

Even if this were not so, Appellant did not meet his burden to establish that equitable tolling was warranted. "Equitable tolling is an extraordinary remedy

31

which is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). "'Equitable tolling' is the doctrine under which plaintiffs may sue after the statutory time period has expired if they have been prevented from doing so due to inequitable circumstances." *Ellis v. General Motors Acceptance Corp*., 160 F.3d 703, 706 (11th Cir. 1998)). "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Further, a plaintiff bears the burden of demonstrating the extraordinary circumstance. *Id.* "Moreover, this Court has defined 'extraordinary circumstances' narrowly, and ignorance of the law does not, on its own, satisfy the constricted 'extraordinary circumstances' test." *Jackson v. Astrue*, 506 F.3d 1349, 1356 (11th Cir. 2007).

The District Court correctly determined that the circumstances that Appellant "finds himself in are not unavoidable or beyond his control," and that Appellant failed to show the level of diligence necessary to invoke equitable tolling. ECF No. 321, pp. 19-20; Appx. V pp. 1180-1181. Appellant chose to file the South Carolina Action in a jurisdiction in which he and Appellees had no physical or geographical connection. *See* ECF No. 226-1, 12:3-12; Appx. III p. 742. Had Appellant exercised proper diligence, he would have filed his FLSA claims in the Southern District of

Florida, the only location where he worked, or in the Middle District of Florida, where both Appellees are subject to personal jurisdiction.

Further, Appellant was on notice as early as November 14, 2017 of Appellees' position that the court in the South Carolina Action lacked personal jurisdiction, through the filing of their motions to dismiss on that basis. *See* Supp. Appx. I p. 2. Rather than pursuing some appropriate procedural option, such as voluntarily dismissing the South Carolina Action and filing in an appropriate district, Appellant elected to proceed with the South Carolina Action. Also, Appellant did not attempt to sever and transfer his claims to the Southern District of Florida until more than a year after Appellees moved to dismiss the South Carolina Action for lack of personal jurisdiction. *See* Supp. Appx. I p. 88. Importantly, Appellant did not seek transfer until *after* the statute of limitations had run, absent tolling. *Id.*

Clearly, the South Carolina court's dismissal of Appellant's claims and denial of his motion to sever and transfer his claims are not matters that were beyond Appellant's control. As observed by the District Court, "[t]here was no guarantee that the South Carolina court would rule in [Appellant's] favor on the personal jurisdiction issue or on Plaintiff's request to sever and transfer." ECF No. 321, p. 20; Appx. V p. 1181 (citing *In re Tyson Foods*, 2008 WL 4613654, at *3 ("There was never a guarantee that the *Fox* court would approve conditional certification, and

thus the potential opt-in plaintiffs had no reasonable basis for relying upon possible certification as a basis for delaying the filing of their claims")).

In addition, while Appellant asserted in his Complaint, filed back in August of 2019, that he would seek equitable tolling of his claims, he never sought equitable tolling until his Amended Motion for Partial Summary Judgment, which he filed on March 3, 2022. *See* ECF No. 1, p. 3, n.1; ECF No. 309; Appx. I p. 187; Supp. Appx. II p. 277. Further, Appellant never sought or received equitable tolling in the South Carolina Action. *See* ECF No. 321, p. 20; Appx. V p. 1181. The District Court correctly determined that "[t]hese decisions were squarely within Plaintiff's control," and that Appellant's "failure to seek equitable tolling in the South Carolina Action and his significant delay in doing so here also suggest a lack of reasonable diligence." *See* ECF No. 321, p. 20; Appx. V p. 1181 (citing *Holland v. Florida*, 560 U.S. 631, 653 (2010) (equitable tolling requires "reasonable diligence" on the part of the party seeking tolling)).

The District Court's "determinations of the relevant facts [may] be reversed only if clearly erroneous." *Howell*, 415 F.3d at 1251. Therefore, the District Court's factual determinations underlying its ruling are entitled to deference, including its determination that the circumstances underlying Appellant's failure to file within the limitations period were not beyond his control, and its determinations regarding his lack of diligence.

In sum, Appellant simply has not demonstrated the "extraordinary circumstances" that would warrant the "extraordinary remedy" of equitable tolling. *See Steed*, 219 F.3d at 1300; *Sandvik*, 177 F.3d at 1271. Appellant's (or his counsel's) disregard of the relevant legal principles, *i.e.* the requirements for establishing personal jurisdiction in the South Carolina Action, do not, as a matter of law, warrant equitable tolling. *See Jackson*, 506 F.3d at 1356 ("ignorance of the law does not, on its own, satisfy the constricted 'extraordinary circumstances' test."). The District Court therefore correctly found that Appellant failed to carry his burden of establishing the strict requirements of equitable tolling.

### IV.    <u>Conclusion</u>

For the foregoing reasons, Appellees respectfully request that this Court affirm the District Court's Order granting summary judgment in favor of Appellees on the statute of limitations defense, and providing for such other relief as the Court may deem just and proper.

Dated this 16th day of November, 2022.

<u>/s Amy S. Shay, Esquire</u>
Amy S. Shay, Esquire
Matthew J. Pearce, Esquire
The VUE at Lake Eola
220 N. Rosalind Avenue
Orlando, Florida 32801
Telephone: (407) 316-0393

*Attorney for Appellees*

35

Waste Pro USA, Inc., and
Waste Pro of Florida, Inc

## CERTIFICATE OF COMPLIANCE
(Type-Volume Limit, Typeface Requirements, and Type-Style Requirements)


1.    This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 8,606 words.

2.    This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6), because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in size 14 Times New Roman font.

Dated this 16th day of November, 2022.



*/s Amy S. Shay, Esquire*
Amy S. Tingley, Esquire
The VUE at Lake Eola
220 N. Rosalind Avenue
Orlando, Florida 32801
Telephone: (407) 316-0393

*Attorney for Appellees*
Waste Pro USA, Inc., and
Waste Pro of Florida, Inc.

37